**Nettie MOORE, Claimant Below, Appellant,**

**v.**

**CHRYSLER CORPORATION, Employer Below, Appellee.**

Supreme Court of Delaware.

July 26, 1967.

**54**

James P. D'Angelo, Wilmington, for claimant below, appellant.

Carl Schnee, Wilmington, for employer below, appellee.

———◆———

WOLCOTT, Chief Justice, HERR-MANN, Justice, and McNEILLY, Judge, sitting.

HERRMANN, Justice:

The Industrial Accident Board dismissed the claimant-appellant's petition to determine compensation due to the dependents of a deceased employee. The Superior Court affirmed the order of the Board and the claimant appeals.

The matter is governed by 19 Del.C. § 2332 which provided [1] at the time of the employee's death:

"§ 2332. Death of employee as affecting compensation and other benefits

"(a) * * * Should the employee die from some other cause than the injury as herein defined, the liability for compensation, expense of last sickness, and burial of such employee shall cease.

"(b) Compensation agreed upon or awarded to an injured employee who has died and which has not been paid at the time of his death, shall be paid to his nearest dependent * * *."

The facts are undisputed: The claimant, Nettie Moore, was the wife of Norman A. Moore, an employee of Chrysler Corporation. The employee was accidentally injured on June 14, 1962 in the course of his employment, as the result of which his left leg was amputated on October 12, 1962. He died on August 26, 1963, death being caused by cancer unrelated to the injury. Compensation for temporary total disability was paid for the period June 15, 1962 to August 26, 1963. No claim was made by the employee for scheduled compensation, under 19 Del.C. § 2326,[2] for the permanent injury of loss of the leg. Accordingly, no compensation was "agreed upon" by the parties or "awarded" by the Board for such scheduled loss.

After the death of the employee, the claimant, as his widow and dependent, filed claim for the scheduled loss. The Industrial Accident Board dismissed the petition. Upon appeal, the Superior Court remanded

---

1. 19 Del.C. § 2332 was amended in 1964 to repeal subsection (b) and to substitute a new subsection (a) which provided in part:

"* * * Should the employee die from some other cause than the injury as herein defined, the claim for compensation shall not abate, but the personal representative of the deceased may be substituted for the employee and prosecute

the claim for the benefit of the deceased's dependent or dependents only, * * *."

2. 19 Del.C. § 2326 provides for specified compensation as scheduled therein for certain permanent injuries, regardless of the earning power of the employee after the injury, e.g., "For the loss of a leg, 66⅔ percent of wages during 250 weeks."

for further hearing; whereupon, the Board again dismissed the petition. Upon a second appeal to the Superior Court, the Board's action was affirmed. This appeal followed.

■ The question before us is whether under § 2332, as written at the time, the right to scheduled compensation for the loss of the leg survived the death of the employee. We agree with the Superior Court and the Board that it did not.

The provisions of § 2332 were clear and unequivocal: liability for compensation ended if the employee died from a cause other than the industrial accident, except when compensation had been agreed upon or awarded to the employee prior to his death. The applicability of the Statute to the facts before us is unavoidable: the employee died from a cause unrelated to the injury, and there was no agreement or award for the scheduled loss prior to his death. The conclusion is inevitable: Chrysler's liability for the scheduled compensation ceased at the time of Moore's death.

Several contentions are made by the claimant which have the merit of ingenuity but which, in our opinion, lack substance:

■ The claimant argues that § 2326 is "self-executing" in that it established the amount of compensation for the loss of the leg; that when a scheduled loss admittedly occurred, the Statute itself "awarded" the compensation; that, therefore, there was no need for an award by the Board to meet the savings provision of § 2332. This contention is unacceptable for two reasons: first, because the Workmen's Compensation Law clearly contemplates Board action, either by approval of settlement or by award, in connection with every claim for benefits under the Law, 19 Del.C. §§ 2341–2363; second, because the word "awarded" as used in § 2332 does not permit the strained interpretation urged upon us by the claimant. Words in statutes must be given their common and ordinary meanings. We have

no doubt but that in the use of the word in § 2332, the General Assembly meant "awarded" by the Board.

■ A related contention must also fail. The claimant says that death does not abate a right to compensation established by a statute itself prior to death. Since, as we have held, the Statute alone does not establish the right to compensation without Board action, the argument is unacceptable. In support of her concept, the claimant points to the 1964 amendment of § 2332 and argues that the new provision for survival of claims was simply declaratory of the earlier law. This argument is manifestly untenable in the light of the clear language of the earlier provision.

The claimant cites numerous cases from other jurisdictions in an effort to avoid the foregoing conclusions. We have examined the cited cases but find them unpersuasive because of the distinguishing facts and statutes involved.

■ We note the claimant's proposition that the 1964 amendment governs the case because it was procedural only and in force at the time of the first hearing before the Board, although not enacted at the time of the employee's death. This argument is without merit because, obviously, the amendment made a substantive change in the Law.

Finally, due consideration has been given to the argument that the Superior Court's order on the second appeal was in conflict with the Superior Court's order on the first appeal. We find nothing in this contention to save the claimant's position.

■ We reach our conclusion in this case reluctantly. The humane purposes of the Workmen's Compensation Law and the repeal of the disabling provisions of § 2332 so soon after the earlier Statute barred her claim, lead to a sympathetic view of Mrs. Moore's position. But there are no rights to workmen's compensation except those

found within the Statute itself. We are unable to find within the governing Statute the right here claimed by Mrs. Moore.

For the reasons stated, the judgment of the Superior Court is affirmed.