Barbara W. WALLS, Administratrix of the Estate of George V. McHone, Deceased, Plaintiff Below, Appellant,

v.

JAMES E. STRATES SHOWS, INC., a Florida corporation, and Michigan Mutual Liability Insurance Co., a Michigan corporation, Defendants Below, Appellees.

Supreme Court of Delaware.

April 2, 1968.

Courtney H. Cummings, Jr., of Killoran & Van Brunt, Wilmington, for plaintiff below, appellant.

Robert B. Walls, Jr., Wilmington, for defendants below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

This is an appeal from the affirmance by the Superior Court of an order of the Industrial Accident Board dismissing a petition for workmen's compensation benefits.

George V. McHone was a laborer employed by the appellee James E. Strates Shows, Inc., which operated a traveling carnival. The accident happened on May 15, 1961 [1] in a freight yard at which the show train had been stopped. McHone was struck by a switch engine and, as a result, his arm was amputated.

---

1. Again, we note the excessive age of a workmen's compensation case, seven years having elapsed since the date of the accident involved. Such delay in the disposition of any case is unsatisfactory; but this is especially so of a workmen's compensation case which should be expedited as a matter of public policy. See Reynolds v. Continental Can Company, Del., 240 A.2d 135 (1968). Again, we suggest inquiry by the Industrial Accident Board and the Superior Court into the cause of such delay and the remedy therefor.

On September 22, 1961, McHone filed a petition for compensation, including temporary disability and the scheduled loss, and for medical and hospital expenses. Hearing thereon was held on September 19, 1962, at the conclusion of which the employer was granted leave to introduce additional evidence at a later date. On October 8, 1962, McHone died of a cause unrelated to the injury. After permitting the substitution of the appellant as administratrix of McHone's estate, the Board dismissed the petition, without statement of the legal or factual basis therefor. Upon appeal therefrom, the Superior Court remanded with instructions to make findings. On August 9, 1967, the Board again dismissed the petition, stating that as of the date of the accident the Delaware Workmen's Compensation Law "did not provide for survival of a claim when death unrelated to an injury intervened." Upon a second appeal to the Superior Court, the Board's dismissal of the petition was affirmed. This appeal by the administratrix followed.

The Superior Court based its decision upon Moore v. Chrysler Corporation, Del., 233 A.2d 53 (1967). We there held that 19 Del.C. § 2332,[2] prior to its 1964 amendment, barred compensation for a scheduled loss upon the petition of the widow of the employee, when his death resulted from a cause unrelated to the injury and when such compensation was not agreed upon or awarded prior to his death.

■ The *Moore* case controls this appeal insofar as the claims for compensation are concerned because, here too, death was unrelated to the injury, and there was no agreement or award of compensation prior to death. Accordingly, the Superior Court correctly held that, under the *Moore* case, the petition was properly dismissed by the Board as to compensation for temporary disability and the scheduled loss. But the *Moore* case did not determine that § 2332 constituted a bar, under the circumstances of this case, as to claims for medical and hospital expenses arising from the injury. We perceive in § 2332 room for distinction between a claim for compensation, on the one hand, and a claim for medical and hospital expenses, on the other; and we welcome the distinction because of the harsh result the rule of the *Moore* case would otherwise impel.

In the event of death from a cause other than the injury, § 2332(a) limited liability "for compensation, expense of last sickness and burial" only. Also, § 2332(b) referred to compensation, only, in providing for the manner of making remittance after death of benefits agreed upon or awarded. In neither § 2332(a) nor § 2332(b) was mention made of hospital and medical expenses arising from the injury itself. We decline to read into § 2332 any greater limitations than are explicitly set forth therein. By virtue of 10 Del.C. § 3707,[3] the claim for medical and hospital expenses arising from the injury survived the death of the em-

2. 19 Del.C. § 2332, prior to its 1964 amendment provided:
"§ 2332. Death of employee as affecting compensation and other benefits
"(a) Should the employee die as a result of the injury, no reduction shall be made for the amount paid for medical surgical, dental, optometric, or hospital services, and medicines, nor for the expense of last sickness and burial as provided in this chapter. Should the employee die from some other cause than the injury as herein defined, the liability for compensation, expense of last sickness, and burial of such employee, shall cease.

"(b) Compensation agreed upon or awarded to an injured employee who has died and which has not been paid at the time of his death, shall be paid to his nearest dependent as indicated by section 2330 of this title."

3. 10 Del.C. § 3707 provides:
"§ 3707. Statutory right of action
"A statutory right of action or remedy against any officer or person, in favor of any person, shall survive to, or against the executor or administrator of such officer or person, unless it be specially restricted in the statute."

ployee, in the absence of an express restriction in the Statute; and we find no such express restriction in § 2332 or elsewhere in the Law.

■ We hold therefore that if the injury was a compensable one under the Workmen's Compensation Law, medical-hospital and related expenses incurred in the treatment of the injury must be furnished by the employer under 19 Del.C. § 2322,[4] notwithstanding the fact that the employee ultimately died from an unrelated cause and that there was no agreement or award of compensation prior to death.

With further reference to the claims for compensation, we have considered the various arguments by which the appellant seeks to distinguish and avoid the effect of the *Moore* case: that McHone filed a claim before his death, whereas Moore did not; that McHone's administratrix seeks accrued benefits only, whereas Moore's

widow sought the full scheduled loss; that hearing had been held and the case was awaiting decision by the Board when McHone died, whereas in *Moore,* no case was pending before the Board at the time of death. None of these distinctions aids the appellant, in our opinion, because none overcomes the force and effect of § 2332. As in *Moore,* we reach this result reluctantly; but the fairness and wisdom of the Statute is not for us to decide; we note only in this connection that it is fortunate, in our view, that § 2332, as it existed at the time of this accident, is no longer the law.

The many cases from other jurisdictions, cited by the appellant, are inapplicable because there is no counterpart of § 2332, as it existed prior to 1964, in any of them.

For the foregoing reasons, the cause is remanded to the Superior Court for remand to the Industrial Accident Board for further proceedings not inconsistent herewith.

---

4. 19 Del.C. § 2322 provides in part:
"§ 2322. Medical and other services, and supplies as furnished by employer
"(a) During the period of disability the employer shall furnish reasonable surgical, medical, dental, optometric, chiropractic and hospital services, medicine, and supplies, including repairing damage to or replacing false dentures, false eyes or eye glasses, as and when needed, unless the employee refuses to allow them to be furnished by the employer.
"(b) If the employer, upon application made to him, refuses to furnish the services, medicines, and supplies mentioned in subsection (a), the employee may procure the same and shall receive from the employer the reasonable cost thereof within the above limitations.

"(c) Upon application made to the Board by the injured employee or some one in his behalf, the Board may, in its discretion, require the employer to furnish additional services, medicines and supplies of the kind mentioned in subsection (a), as and when needed, for such further period as it shall deem right and proper. The charges for such additional services, medicines and supplies, shall not exceed the rates regularly charged to other individuals for like services and supplies; provided, however, the Board shall at all times have jurisdiction to determine, and shall determine, the character of services and supplies to be furnished.
" * * *."