Eleanor M. O'CONNOR, Administratrix and Personal Representative of Robert F. O'Connor

v.

UNITED STEEL BARREL COMPANY.

Superior Court of Delaware, New Castle.

April 3, 1968.

Oliver V. Suddard, Wilmington, for plaintiff.

David Snellenburg, II, Wilmington, for defendant.

OPINION

MESSICK, Judge.

This is an appeal by the claimant from an order of the Industrial Accident Board dismissing her petition. On May 31, 1963,

Robert F. O'Connor sustained injuries as the result of an industrial accident. On October 14, 1964, O'Connor died from a cause unrelated to the industrial accident. The claim in the instant case is brought by O'Connor's dependent widow for compensation which would have been due the decedent had he survived. On the date of the industrial accident, 19 Del.C. § 2332 provided for abatement of liability for compensation if the employee died from a cause other than the industrial accident, unless compensation had been agreed upon or awarded prior to the employee's death. After the date of the industrial accident but before the employee's death, 19 Del.C. § 2332 was amended to provide for the survival of the employee's claim in the event the employee died from a cause other than the industrial accident.

The issue is whether the amendment to 19 Del.C. § 2332 providing for survival, applies to a claim based on an accident occurring prior to the amendment where the unrelated death of the employee occurs after the amendment. The Industrial Accident Board dismissed the claim, holding that the amendment did not apply. This Court disagrees.

The only case found in Delaware dealing with the specific problem is Moore v. Chrysler Corporation, 233 A.2d 53 (Sup. Ct.Del., 1967). In this case, both the industrial accident and the unrelated death of the employee occurred prior to the amendment of 19 Del.C. § 2332. In agreeing with the Industrial Accident Board's rejection of the claim, the Superior Court in a letter opinion, stated that:

"Claims for personal injury have traditionally been treated in the law as purely personal claims which cease to exist upon the death of the claimant. It takes a statutory enactment by the Legislature to make such claims survive. At the time in question, there was no statutory provision for the survival of the claim for permanent injury where death, not related to the accident, intervened." Nettie

Moore vs. Chrysler Corporation, No. 3062 Civil Action, 1966, Superior Court, New Castle County.

This decision was affirmed by the Supreme Court in Moore v. Chrysler Corporation, supra. The decision in *Moore* was inevitable. At the time of the decedent's death, the law provided for abatement of the claim. The situation in the instant case is quite different since, at the time of the decedent's death, the law provided for survival of the claim. The mere fact that the survival amendment was passed after the industrial accident does not change this result. In Gorlitzer v. Wolffberg, 208 N.Y. 475, 102 N.E. 528 (1913), the issue was whether the question of abatement was governed by the law in force at the time of the injury or in force at the time of claimant's death. Holding that the law at the time of death governed, the court stated:

"When the defendant died in 1910, it for the first time became necessary to determine whether the cause of action survived, and this question is very properly determined by reference to the statute in force at that date."

In Lebkicher v. Crosby, 123 Cal.App.2d 631, 267 P.2d 361, 365 (1954), the court held that a statute providing for survival of actions for personal injuries which became effective prior to the death of the tort-feasor and prior to commencement of the action was applicable, even though it became effective subsequent to the date of the injury. See also Engen v. Arnold, 61 Wash.2d 641, 379 P.2d 990, 993 (1963), and cases to the same effect cited therein.

This Court finds that the question of the survival of the decedent's claim is governed by the law in force at the date of his death. Consequently, the Industrial Accident Board erred in dismissing the instant case, and its decision is accordingly reversed. The case shall be remanded to the Board for proceedings consistent with the above.

It is so ordered.