**Leticia TIBAYAN, Plaintiff below, Appellant,**

v.

**BOARD OF EDUCATION OF the NEW-ARK SCHOOL DISTRICT and New Castle County Board of Education, Defendants below, Appellees.**

Supreme Court of Delaware.

Submitted March 14, 1980.

Decided April 3, 1980.

Sheldon N. Sandler (argued) of Bader, Dorsey & Kreshtool, Wilmington, for plaintiff below, appellant.

David H. Williams (argued) of Morris, James, Hitchens & Williams, Wilmington, for defendants below, appellees.

Before DUFFY, McNEILLY and QUILLEN, JJ.

McNEILLY, Justice:

The plaintiff-appellant, Leticia Tibayan, was injured while in performance of her duties as a school teacher in New Castle County. The injury occurred during a period for which she was entitled to pay and it was not the result of misconduct on her part. As a result of her injury, the plaintiff was absent from work for over one year. Throughout her absence, she received state salary funds in supplement to insurance funds so that she maintained her full salary. In addition, she was credited with the additional years of service and the cost of living increments applicable to that period.

However, she was not credited with sick leave accumulation during that period. The appellee school district did not diminish her accumulated sick leave, but neither did it allow her to add to the accumulated total. The plaintiff brought this action seeking credit for the sick leave which could have

---

been accumulated during that period. The Superior Court denied her petition and she appeals to this Court. The sole issue on appeal is whether a teacher is entitled to accumulate sick leave during a period of absence resulting from a job related injury, incurred without fault? To answer this question we look at two sections of the State Law.

14 *Del.C.* § 1318(a) * provides in part, "[t]eachers and other school employees shall be allowed 10 days of sick leave per year with full pay . . . " 29 *Del.C.* § 5933 provides in part,

> "No employee of the State, . . . shall be charged sick leave for any period of absence from work due to injury, personal injury or occupational disease sustained by accident arising out of and in the course of actual employment with the State, providing such injury or illness is not the direct result of the employee's misconduct, and occurs during a period of employment for which the employee is entitled to receive pay."

§ 1318(a) clearly provides that teachers are entitled to accumulate 10 days of sick leave per year, subject to a limitation of 120 days not applicable in this case. The statute does not limit that right to teachers who actually perform duties during that year, as the appellee would have us conclude. Instead, the word "teachers", without any limitation, more naturally means all teachers. See, *Moore v. Chrysler Corp.*, Del.Supr., 233 A.2d 53 (1967). It is undisputed that the plaintiff was a teacher, remained on the state payroll, and received full pay throughout the period in question.

§ 5933 provides that a state employee absent under certain conditions, indisputably present here, shall not be charged sick leave for the period of absence. But it does not address the accumulation of sick leave. Consequently, we hold that the plaintiff was entitled to accumulate sick leave during her absence and that she could not be charged against her accumulated sick leave for that absence.

We believe this result is reasonable, as a legislative matter, because sick leave is but one of several benefits that constitute the compensation paid to teachers. The appellee concedes that the plaintiff was receiving those other benefits. In addition, this result is consistent with Merit Rule 6.0323, applicable to merit employees although not to teachers, which provides for accumulation of sick leave in similar situations involving short term absences.

REVERSED and REMANDED.

---

* We need not address the portion of this section applying to teachers or other employees employed for more than 10 months per year.