# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DELAWARE TECHNICAL AND<br>COMMUNITY COLLEGE, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. N17A-01-002 ALR |
| | ) | |
| STATE OF DELAWARE HUMAN | ) | |
| RELATIONS COMMISSION, and | ) | |
| DELAWARE DEPARTMENT OF | ) | |
| STATE, DIVISION OF HUMAN | ) | |
| RELATIONS, | ) | |
| and KARIN SAUNDERS. | ) | |

Submitted: March 13, 2017
Decided: May 17, 2017

## MEMORANDUM OPINION

*Upon Motion to Dismiss Appeal*
**GRANTED**

*Upon Motion to Stay Administrative Proceedings*
**DENIED AS MOOT**


Margaret M. DiBianca, Esq., Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware, and Elizabeth Y. Olsen, Esq., Delaware Technical and Community College, Dover, Delaware, Attorneys for Delaware Technical and Community College.

Zoe Plerhoples, DAG and Laura Gerard, DAG, Attorneys for Delaware State Human Relations Commission and Delaware Department of State, Division of Human Relations.

Neilson C. Himelein, Esq., Community Legal Aid Society, Inc., Wilmington, Delaware, Attorney for Karin Saunders.

**ROCANELLI, J.**

# I.    PROCEDURAL BACKGROUND

Karin Saunders is a student at the Owens Campus of Delaware Technical and Community College ("Del-Tech"). On May 20, 2016, Ms. Saunders filed a complaint against Del-Tech pursuant to Delaware's Equal Accommodations Law ("DEAL")[1] with the Delaware Department of State, Division of Human Relations ("Division"). Ms. Saunders alleged that Del-Tech violated DEAL by refusing to allow her to attend classes with her qualified service animal. In response, Del-Tech filed a motion to dismiss Ms. Saunders's complaint for lack of subject-matter jurisdiction. Del-Tech argued that the complaint was untimely under the statutory deadline.[2]

By Decision dated December 6, 2016, the State Human Relations Commission ("Commission") denied Del-Tech's motion to dismiss Ms. Saunders's complaint ("Commission Decision").[3] On January 17, 2017, Del-Tech filed an

---

[1] 6 *Del. C.* § 4500 *et seq.*

[2] *See id.* at § 4508(b) ("No complaint shall be filed with the Division more than 90 days after the occurrence of the alleged discriminatory public accommodation practice.").

[3] *Saunders v. Del. Tech. & Cmty. Coll.*, Case No. S-EA-1514-16 (Human Rel. Comm'n Dec. 6, 2016). The Division is required by statute to investigate an alleged violation of DEAL within 120 days after a complaint is filed in order to eliminate any discovered discriminatory practice through conciliation between the parties. 6 *Del. C.* § 4508(c). If the complaint is not resolved through conciliation by the conclusion of the 120-day investigation period, the Commission must appoint a panel of Commissioners to hold a public hearing on the merits of the complaint. *Id.* at § 4508(e). Prior to appointment of a full panel, the Commission is authorized to designate a single Commissioner to consider the complaint on

1

appeal from the Commission Decision in Superior Court, asserting that the Commission committed legal error in denying the motion to dismiss. On January 20, 2017, three days later, Del-Tech filed a Motion to Stay proceedings before the Commission pending resolution of the appeal.

Upon initial consideration of Del-Tech's request for relief, this Court noticed that the Division, the Comission, and Ms. Saunders were identified as "Appellees" on Del-Tech's notice of appeal. However, the docket did not reflect that these parties were served process. Accordingly, by letter dated January 24, 2017, this Court requested that Del-Tech serve process on all parties with interest in this case to ensure proper notice and an opportunity to respond.

On February 13, 2017, after service of process was complete, the State appeared on behalf of the Division and Commission. The State filed a Motion to Dismiss Del-Tech's appeal and a response in opposition to Del-Tech's Motion to Stay. On March 3, 2017, Ms. Saunders filed a response in support of the State's Motion to Dismiss. On March 13, 2017, Del-Tech filed a response in opposition to the State's Motion to Dismiss.

behalf of the Commission. 1 Del. Admin. C. § 601-5.1.2. The designated Commissioner may consider and adjudicate a motion to dismiss for lack of jurisdiction without conducting an evidentiary hearing. *Id.* at § 601.5.1.8. *See also* 6 *Del. C.* § 4508(k) (authorizing the Commission to adopt procedures for dismissing complaints based on lack of jurisdiction or failure to state a claim upon which relief is available). In this case, the Commission Decision was made by a designated Commissioner without an evidentiary hearing.

2

## II.    LEGAL STANDARDS

### A.    Superior Court Civil Rule 72(i)

This Court's analysis is governed by Superior Court Civil Rule 72.[4]   Rule 72(i) provides, in pertinent part:

> The Court may order an appeal dismissed, sua sponte, or upon a motion to dismiss by any party. Dismissal may be ordered for untimely filing of an appeal, for appealing an unappealable interlocutory order, . . . for failure to comply with any rule, statute, or order of the Court or for any other reason deemed by the Court to be appropriate.

### B.    Rules Of Statutory Interpretation

Delaware rules of statutory interpretation are well-established and "designed to ascertain and give effect to the intent of the legislators, as expressed in the statute."[5]   The Court must first determine whether the statutory provision is ambiguous.[6]   The mere fact that the parties dispute the interpretation of a statute does not render the provision ambiguous.[7]   Instead, a statute is ambiguous if it is

---

[4] Super. Ct. Civ. R. 72(a) ("This Rule shall apply to appeals to the Superior Court from all commissions, boards, hearing officers under the Personnel Rules for Non-Judicial Employees, or courts from which an appeal may at any time lie to the Superior Court to be tried or heard on the record made below.").

[5] *Del. Bd. of Nursing v. Gillespie*, 41 A3d 424, 427 (Del. 2012) (internal citations omitted); *Dewey Beach Enters., Inc. v. Bd. of Adjustment of Dewey Beach*, 1 A.3d 305, 307 (Del. 2010).

[6] *Taylor v. Diamond State Port Corp.*, 14 A.3d 536, 538 (Del. 2011); *Dewey Beach Enters.*, 1 A.3d at 307.

[7] *Chase Alexa, LLC v. Kent Cty. Levy Court*, 991 A.2d 1148, 1151 (Del. 2010).

"reasonably susceptible of two interpretations"[8] or "if a literal reading of the statute would lead to an unreasonable or absurd result not contemplated by the legislature."[9]

When a statute is unambiguous, statutory construction is unnecessary.[10] Rather, the Court should give the words in the statute their plain meaning.[11] Delaware courts have held that the plain meaning of a statutory term is determined by considering the term in a common or ordinary way.[12] If a statutory provision is ambiguous, the Court must consider the statute as a whole and read each part "in light of the others to produce a harmonious whole."[13] The Court should read ambiguous statutory terms in a way to promote the statute's apparent purpose.[14]

---

[8] *Taylor*, 14 A.3d at 538; *Dewey Beach Enters.*, 1 A.3d at 307.

[9] *Del. Bd. of Nursing*, 41 A.3d at 427.

[10] *See Taylor*, 14 A.3d at 538; *Dewey Beach Enterprises, Inc.*, 1 A.3d at 307.

[11] *See Zhurbin v. State*, 104 A.3d 108, 110 (Del. 2014) (internal citations omitted) ("Where a statute contains unambiguous language that clearly reflects the intent of the legislature, then the language of the statute controls."); *Dewey Beach Enters.*, 1 A.3d at 307 ("If [a statutory provision] is unambiguous, no statutory construction is required, and the words in the statute are given their plain meaning."); *Hoover v. State*, 958 A.2d 816, 819 (Del. 2008) ("If the language of the statute is unambiguous, the plain meaning of the words control.").

[12] *See, e.g.*, *Nw. Nat. Ins. Co. v. Esmark, Inc.*, 672 A.2d 41, 44 (Del. 1996) (considering the common and ordinary meaning of the term "under"); *Moore v. Chrysler Corp.*, 233 A.2d 53, 55 (Del. 1967) ("Words in statutes must be given their common and ordinary meanings."); *State v. Virdin*, 1999 WL 743988, at *3 (Del. Super. Aug. 20, 1999) (finding that "pregnant" has a common and ordinary meaning); *O'Donald v. O'Donald*, 430 A.2d 800, 803 (Del. Fam. Ct. 1981) ("[S]tatutes will be given their common and ordinary meaning . . . .").

[13] *Taylor*, 14 A.3d at 538; *Dewey Beach Enters.*, 1 A.3d at 307.

[14] *Delaware Bd. of Nursing*, 41 A.3d at 427.

**C.**     **Appellate Procedure Under The Delaware Equal Accommodations Law**

Ms. Saunders filed her complaint against Del-Tech pursuant to DEAL. DEAL is intended to prevent discrimination in places of public accommodation on the basis of race, age, marital status, creed, color, sex, physical disability, sexual orientation, gender identity, or national origin.[15] The statute's purpose is reflected by DEAL's prohibition of discriminatory business practices and the requirement that public facilities implement reasonable accommodations to ensure equal access to all Delaware citizens.[16]

DEAL authorizes an alleged victim of prohibited discriminatory conduct to file a complaint with the Division.[17] The Division investigates the allegations set forth in the complaint in order to eliminate any discovered discriminatory practice through conciliation between the parties to the action.[18] If the Division is unable to resolve the complaint through conciliation, DEAL requires the Commission to adjudicate the complaint on the merits following an evidentiary hearing.[19]

The Court's jurisdiction over appeals from the Commission is conferred by statute,[20] subject to the Superior Court Civil Rules and Delaware's Administrative

---

[15] 6 *Del. C.* § 4501.
[16] *Id.* at § 4504 (a)–(d).
[17] *Id.* at § 4508(a).
[18] *Id.* at § 4508(c).
[19] *Id.* at § 4508 (e)–(h).
[20] *Id.* at § 4511(a); 29 *Del. C.* § 10142(a).

Procedures Act.[21]  DEAL authorizes appellate review of a Commission decision for a "party aggrieved by an order for relief under § 4508."[22]  DEAL sets forth specific circumstances where the Commission issues an order pursuant to § 4508 affecting the rights of the parties to a dispute.  Specifically, the Commission (i) issues an order dismissing the complaint if the Commission determines that the respondent has not engaged in prohibited discriminatory conduct;[23] or (ii) issues an order for relief that contains findings of fact and conclusions of law if the Commission determines that the respondent has engaged in prohibited discriminatory conduct.[24]

## D.    Principles Of Appellate Review In Decisional Law

The right of appeal is generally conditioned upon the entry of a final judgment by the authority with original jurisdiction over the controversy.[25] An appealable final judgment is a non-procedural ruling that relates to the merits of the

---

[21] 6 *Del. C.* § 4511(a).  *See also* 29 *Del. C.* § 10161(a)(5) (extending Delaware's Administrative Procedures Act to Commission proceedings and decisions); 29 *Del. C.* § 10161(f) ("Where the respondent is in disagreement with the action of the board, the respondent may appeal the board's decision in accordance with the provisions of the Administrative Procedures Act.").

[22] 6 *Del. C.* § 4511(a).

[23] 6 *Del. C.* § 4508(g).  The Commission may award reasonable attorneys' fees, costs and expenses if the Commission determines that the complaint is for an improper purpose, such as to harass or embarrass the respondent.  *Id.*

[24] *Id.* at § 4508(h).

[25] *Tyson Foods, Inc. v. Aestos Corp.*, 809 A.2d 575, 579–80 (Del. 2002); *Gibbs v. City of Wilmington*, 2013 WL 1411236, at *3 (Del. Super. Mar. 27, 2013); *Boyle v. Christina Sch. Dist. Bd. of Educ.*, 2010 WL 60126, at *1 (Del. Super. Jan. 8, 2010).

case by determining the rights and claims of the parties involved.[26] Although "the primary inquiry is 'whether the trial court clearly declared its intention that the order be its final act of the case,'"[27] it is also "essential to the analysis . . . whether the order 'ends the litigation on the merits and leaves nothing for the trial court to do but execute the judgment.'"[28]

## IV. DISCUSSION

Del-Tech requests this Court to intervene in proceedings before the Commission to review the Commission Decision. In response, the State contends that this Court lacks jurisdiction to consider the Commission Decision because the Commission Decision constitutes an interlocutory order by an administrative agency. Ms. Saunders agrees with the State's position that Del-Tech's appeal should be dismissed as interlocutory but does not oppose Del-Tech's Motion to Stay if this Court concludes that appellate review is appropriate.

---

[26] *Tyson Foods*, 809 A.2d at 579 (citing *Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 796 (Del. 1958)).

[27] *Mentor Graphics Corp. v. Shapiro*, 818 A.2d 959, 962 (Del. 2003) (alterations omitted) (quoting *Tyson Foods*, 809 A.2d at 579–580); *Nichols v. Lewis*, 2007 WL 1263509, at *1 (Del. May 1, 2007) (citing *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973)).

[28] *Mentor Graphics*, 818 A.2d at 962 (quoting *Lipson v. Lipson*, 799 A.2d 345, 347 (Del. 2001)).

7

**A.    The Commission Decision Is Not An Appealable Order Under The Plain Language of DEAL.**

Upon consideration of the procedural circumstances of this case and the statutory language of DEAL pertaining to appellate review, this Court finds that the Commission Decision is not an appealable order.  The section of DEAL that authorizes appeals to Superior Court plainly limits appellate review to an "order for relief under § 4508" without establishing a right to appeal from interlocutory orders.[29] As previously discussed, DEAL sets forth specific circumstances where the Commission issues an order pursuant to § 4508.  The Commission Decision does not fall under one of these circumstances.

If the Commission had dismissed Ms. Saunders's complaint in favor of Del-Tech after concluding that Ms. Saunders was not entitled to relief, Ms. Saunders would have the right to appeal to this Court.[30]  Alternatively, if the Commission awarded relief in favor of Ms. Saunders after concluding that Del-Tech engaged in discriminatory conduct, Del-Tech would have the right to appeal to this Court.[31] However, that is not the procedural posture of this case.  Here, the Commission denied Del-Tech's motion to dismiss after determining that the complaint was timely under the applicable statutory deadline.  Under the plain language of the applicable provisions of DEAL, the Commission Decision does not qualify as an

---

[29] 6 *Del. C.* § 4511(a).

[30] *See Id.* at § 4508(g); *Id.* at § 4511(a).

[31] *See Id.* at § 4508(h).

8

"order for relief under § 4508"[32] or a "case decision" under Delaware's Administrative Procedures Act.[33]

## B. The Commission Decision Is Not An Appealable Order Under Principles of Appellate Law.

Well-established principles reflected in decisional law support this Court's conclusion that the Commission Decision is an unappealable interlocutory order. The Commission Decision does not reach the merits of Ms. Saunders's cause of action.[34] The Commission Decision does not resolve the issues set forth in Ms. Saunders's complaint by determining whether or not Del-Tech engaged in prohibited discriminatory conduct.[35] The Commission Decision does not determine Ms. Saunders's rights or Del-Tech's obligations pursuant to DEAL.[36] The

---

[32] 6 *Del. C.* § 4511(a); *Id.* at § 4508. Del-Tech's reliance on the Commission Decision as an "Order" is misplaced because the Commission Decision is not a final determination that is subject to appellate review. *Compare* Del-Tech's Resp. to State's Mot. Dismiss at 2 ("[T]here is *no doubt* that the Commission's decision and order denying [Del-Tech's] Motion (the 'Order') was, in fact, an 'order.'") (emphasis added), *with Brunhammer v. State*, 2016 WL 611822, at *1 n.2 (Del. Feb. 12, 2016) (defining a "final order" as "[a]n order that is dispositive of the entire case.") (alteration in original) (quoting *Order*, Black's Law Dictionary (10th ed. 2014)).

[33] 29 *Del. C.* § 10102(c) ("'Case' or 'case decision' means any agency proceeding or determination that a named party as a matter of past or present fact, or of threatened or contemplated private action, is or is not in violation of a law or regulation . . . .").

[34] *See Mentor Graphics*, 818 A.2d at 962 (quoting *Tyson Foods*, 809 A.2d at 579–580); *Nichols*, 2007 WL 1263509, at *1.

[35] *See Tyson Foods*, 809 A.2d at 579 (citing *Showell Poultry*, 146 A.2d at 796).

[36] *See Tyson Foods*, 809 A.2d at 579 (internal citations omitted).

Commission makes no indication that it intends for the Commission Decision to be the final act in this case,[37] and the Commission Decision does not "mark the 'consummation' of the agency's decision making process."[38]

Fragmented litigation is disfavored under Delaware law,[39] and this Court agrees that litigants "should have their dispute fully, fairly and finally resolved in the tribunal of original jurisdiction before alleged errors of law are brought to an appellate court for review."[40] Review of the Commission Decision under the procedural circumstances of this case is contrary to the strong public policy against a "piecemeal" approach to appellate litigation[41] and the rule adopted by courts in

---

[37] *See Mentor Graphics*, 818 A.2d at 962.

[38] *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (citing *Chi. & S. Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 113 (1948)).

[39] *See, e.g.*, *Thompson v. Thompson*, 2004 WL 2297396, at *1 (Del. Oct. 5, 2004) (recognizing the Delaware Supreme Court's strong policy against accepting piecemeal appeals from a single proceeding in a trial court); *E.I. du Pont de Nemours & Co. v. Allstate Ins. Co.*, 686 A.2d at 1016 ("The goal [of interlocutory review], in all events, is to facilitate the orderly disposition of claims without inadvertently promoting a piecemeal approach to litigation."); *Castaldo v. Pittsburgh-Des Moines Steel Co.*, 301 A.2d 87, 87–88 (Del. 1973) (holding that fragmented litigation is contrary to the efficient operation of the judicial system); *Showell Poultry*, 146 A.2d at 795 ("The purpose of not permitting appeals except in such cases [of a final judgment] is to prevent piecemeal litigation and to eliminate delays which might be occasioned by so many interlocutory or interim appeals.").

[40] *Gibbs*, 2013 WL 1411246, at *3 (citing *Frunzi v. Dep't of Pub. Safety*, 2000 WL 303455 (Del. Super. Feb. 23, 2000)).

[41] *See Hill Int'l, Inc. v. Opportunity Partners L.P.*, 119 A.3d 30, 36–37 (Del. 2015) (internal citations omitted); *Hecksher v. Fairwinds Baptist Church, Inc.*, 2014 WL 1717071, at *1 (Del. Apr. 30, 2014) (quoting *Tyson Foods*, 809 A.2d at 580).

10

Delaware and other jurisdictions: an order denying a motion to dismiss is not a final determination that is ripe for appellate review.[42]

## C. Del-Tech's Motion to Stay Is Moot.

For the reasons set forth above, this Court finds that there is no order from which an appeal may be taken. Accordingly, this Court finds that Del-Tech's Motion to Stay pending appeal is not ripe for consideration at this time.[43]

---

[42] *See, e.g.*, *Parker v. Am. Traffic Sols., Inc.*, 835 F.3d 1363, 1367 (11th Cir. 2016) ("An order denying a motion to dismiss does not result in a final decision. Thus, we lack jurisdiction to review such an order unless it is 'otherwise made appealable by statute or jurisprudential exception.'") (quoting *The Royalty Network v. Harris*, 756 F.3d 1351, 1355 (11th Cir. 2014)); *Abelesz v. OTP Bank*, 692 F.3d 638, 661 (7th Cir. 2012) ("A district court's erroneous denial of a motion to dismiss for lack of personal jurisdiction is ordinarily not reviewable in this court without either a final judgment or a . . . certification for interlocutory appeal."); *In re Empresas Noroeste, Inc.*, 806 F.2d 315, 317 (1st Cir. 1986) (citing *Caitlin v. United States*, 324 U.S. 229, 236 (1945)); *McLeod v. McLeod*, 2014 WL 2568545, at *1 (Del. June 5, 2014) ("In denying the appellant's motion to dismiss based on the absolute litigation privilege, the Superior Court did not finally determine a claim of right of the appellant."); *Manley v. Marisco*, 876 N.E. 2d 910, 911 (Ohio 2007) (finding that an order denying a motion to dismiss for failure to comply with the affidavit-of-merit requirement under the Ohio Civil Rules does not qualify for immediate appellate review); *Flanagan v. Blumenthal*, 828 A.2d 572, 573 n.4 (Conn. 2003) (internal quotations and citations omitted) ("The general rule is that the denial of a motion dismiss is an interlocutory ruling and, therefore, is not a final judgment for purposes of appeal."); *Gibbs*, 2013 WL 1411236, at *3 ("In similar fashion, a motion to dismiss that is denied cannot be appealed, a motion to dismiss that is granted can.").

[43] *See Jenney v. Seabreeze Homeowners Ass'n, Inc.*, 2015 WL 3824867, at *2 (Del. June 18, 2015) ("Dismissal of the appeal renders the Motion for Stay moot."); *Deloitte LLP v. Klig*, 2010 WL 3736141, at *1 (Del. Sept. 27, 2010) (finding that appellant's motion for a stay pending appeal was moot after denying appellant's application for interlocutory appeal); *Hefley v. Onuoha*, 2010 WL 890457, at *1 (Del. Mar. 12, 2010) (finding that appellant's motion for a stay pending appeal was

## IV.  CONCLUSION

"[T]his Court cannot decide an appeal over which it does not have jurisdiction."[44]  Upon a plain reading of the applicable statutory provisions in light of established principles in decisional law, this Court finds that it lacks jurisdiction to consider the Commission Decision.  Although appellate review is inappropriate at this stage of proceedings, Del-Tech will have the right to appeal all interlocutory orders in this case upon entry of a final judgment by the administrative authority with original jurisdiction.[45]  In the meantime, Del-Tech's appeal must be dismissed.

---

moot after concluding that appellant's appeal was premature); *In re Tex. E. Overseas, Inc.*, 2009 WL 5173805, at *2 (Del. Ch. Dec. 23, 2009) ("For the reasons set forth above, there is no order from which an appeal may be taken and, thus, any motion for a stay pending appeal is not yet ripe."); *Archstone Partners, L.P. v. Lichtenstein*, 2009 WL 2031785, at *6 (Del. Ch. July 10, 2009) ("As explained above, plaintiffs have not met the requirements in order for this Court to certify . . . an interlocutory appeal.  Accordingly, it is my opinion that there is no 'pending appeal,' and that plaintiffs' motion for injunction pending appeal should be denied for this reason alone."); *TowerHill Wealth Mgmt., LLC v. Bander Family P'ship, L.P.*, 2008 WL 4615865, at *4 (Del. Ch. Oct. 9, 2008) (addressing defendant's application for a stay pending appeal "for completeness' sake only" after concluding that defendant failed to meet the requirements for certification of interlocutory appeal).

[44] *Street v. Butler*, 2017 WL 991079, at *1 (Del. Mar. 13, 2017).

[45] *See O'Riley v. Rogers*, 69 A.3d 1007, 1110 n. 4 (Del. 2013) ("Generally, under modern statutes and modern rules, an appeal from a final judgment brings up for review all interlocutory or immediate orders involving the merits and necessarily affecting the final judgment which were made prior to its entry.") (quoting *Robinson v. Meding*, 163 A.2d 272, 275 (Del. 1960)); *Tyson Foods*, 809 A.2d at 580 ("But once interlocutory rulings achieve finality at the trial level, through incorporation in the final judgment of the trial court, review of those subsidiary rulings must be achieved through a timely appeal of that final order."); *Showell Poultry*, 146 A.2d at 796 ("If there is no finality of the decision of the essential

**NOW, THEREFORE,** this 17th day of May, 2017, the State's Motion to Dismiss the appeal filed by Delaware Technical and Community College is **GRANTED, and the Motion to Stay is DENIED AS MOOT.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

questions involved, the right to review any step in the proceeding must be held in abeyance until the case has reached a stage when it may be reviewed in a single appeal involving the whole issue.") (citing *Ownbey v. Morgan et al.*, 105 A. 838 (Del. 1917)).