SHOWELL POULTRY, INC., a Delaware corporation, Defendant below, Appellant, v. DELMARVA POULTRY CORPORATION, a Delaware corporation, Plaintiff below, Appellee.

(*December* 24, 1958.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Stewart Lynch* and *Alfred R. Fraczkowski* (of the firm of Hastings, Lynch and Taylor) for defendant below, appellant.

*S. Samuel Arsht* (of the firm of Morris, Nichols, Arsht and Tunnell) and *John T. Gallagher* for plaintiff below, appellee.

Supreme Court of the State of Delaware, No. 38, 1958.

BRAMHALL, J.:

This appeal raises the questions (1) of the jurisdiction of the Supreme Court to consider and determine an appeal from an order of the Superior Court requiring defendant to pay interim counsel fees to plaintiff for failure of defendant to comply with orders for production of documents; and (2) of the authority of the Superior Court to make an order such as was entered in this case.

Plaintiff, a Delaware corporation, instituted suit against defendant, also a Delaware corporation, in the Superior Court to recover from defendant expenses for the rental, use and repairs of certain trucks of plaintiff. As a result of the taking of depositions of the president of defendant corporation, plaintiff filed a motion for the production of certain profit and loss statements of defendant. Defendant resisted on the ground that these records were irrelevant. The Superior Court granted plaintiff's motion and signed an order for the production of the documents. Defendant failed to produce the documents, stating at first that no such records were kept by defendant. Subsequently, it was averred that such records had been destroyed. After considerable delay, plaintiff filed a motion for the imposition of appropriate sanctions against defendant pursuant to Rule 37(b)(2) of the Superior Court, *Del. C. Ann.*, a counterpart of the same number. After further argument and delay, defendant finally produced the documents. Plaintiff then filed a motion under the same rule for counsel fees. After hearing on the motion, an order was made by the Superior Court requiring defendant to pay to plaintiff the sum of $1,000 as interim counsel

fees. Defendant appealed from that order. Plaintiff filed a motion to dismiss the appeal.

We first consider plaintiff's motion to dismiss. The ground for plaintiff's motion is that the order of the Superior Court awarding interim counsel fees was not a final order and was not therefore appealable. Defendant contends that the order is appealable, stating while it does not dispose of all the essential issues of the case, it does constitute a final disposition of the immediate question at issue, namely, the liability of defendant to pay an interim counsel fee to plaintiff.

The right of review is not an inherent or inalienable right. It exists only when and to the extent provided in the constitution and laws of the State. *Casey v. Southern Corp.*, 26 *Del. Ch.* 447, 29 *A.* 2d 174. This court on several occasions has held that its jurisdiction to review errors in the Superior Court in civil cases is limited to the jurisdiction conferred upon it by Article IV, Section 11(1) of the Delaware constitution, *Del. C. Ann.*, providing that this court "shall have jurisdiction * * * to issue writs of error in civil causes to the Superior Court and to determine finally all matters in error in the judgments and proceedings of said Superior Court in civil causes." We have held that by virtue of this language the jurisdiction of this court upon appeals from the Superior Court in civil cases is confined solely to review after final judgment. *Du Pont v. Du Pont*, 8 *Terry* 229, 90 *A.* 2d 467; *Canaday v. Superior Court*, 10 *Terry* 332, 116 *A.* 2d 678; *Ownbey v. Morgan's Executors*, 7 *Boyce* 297, 105 *A.* 838. The purpose of not permitting appeals except in such cases is to prevent piecemeal litigation and to eliminate the delays which might be occasioned by so many interlocutory or interim appeals. *Lewis v. E. I. Du Pont de Nemours & Co.*, 5 *Cir.*, 183 *F.* 2d 29, 21 *A. L. R.* 2d 757.

The only question which remains for this court to decide is whether or not the award from which the appeal in this case was taken constituted a final judgment as laid down in Article IV, Section 11(1) of the Constitution of the State of Delaware.

■■■ A final judgment is generally defined as one which determines the merits of the controversy or the rights of the parties and leaves nothing for future determination or consideration. The test is whether such judgment or decree determines the substantial merits of the controversy and the material issues litigated or necessarily involved in the litigation. If there is no finality of the decision of the essential questions involved, the right to review any step in the proceeding must be held in abeyance until the case has reached a stage when it may be reviewed in a single appeal involving the whole issue. *Ownbey v. Morgan's Executors, supra.* It may be true, as defendant contends, that the decision on the question of plaintiff's right to an interim counsel fee is a final determination of that particular question, but it will not be disputed that the determination of this question constitutes only a decision of the court in a preliminary matter involving an effort on the part of plaintiff to prepare his case for trial on the merits.

We think that the order in this case is not a final judgment, as contemplated by Article IV, Sec. 11(1) of the constitution of this state, as heretofore construed by this court in the cases previously cited, and that therefore the motion of plaintiff to dismiss this appeal should be granted. In our view the case before us is controlled by the case of *Du Pont v Du Pont, supra,* In that case plaintiff in an annulment of marriage action sought to review the propriety of a portion of an order of the Superior Court awarding, *inter alia,* an interim counsel fee to defendant. This court held that the order was not a final judgment or an order in the nature of a final judgment to which a writ of error would lie. Similarly, the order in this case is not a final judgment but only an award of interim counsel fees arising out of a preliminary move by plaintiff to prepare his case for trial. It does not in any manner relate directly to the essential issues which must eventually be determined.

The motion to dismiss defendant's appeal is granted.

In view of our decision granting plaintiff's motion to dismiss the appeal in this case, questions relating to the issues raised by the appeal itself are not now properly before us and will not be considered here.