**ATLAS SANITATION CO., INC.,
Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff
Below, Appellee.**

Supreme Court of Delaware.

Submitted: July 9, 1991.
Decided: July 12, 1991.

Victor F. Battaglia and Francis S. Babiarz, Biggs & Battaglia, Wilmington, for appellant.

Richard E. Fairbanks, Jr., Chief of Appeals Div., Dept. of Justice, Wilmington, for appellee.

Before HORSEY, WALSH and HOLLAND, JJ.

PER CURIAM:

Atlas Sanitation Company, Inc. ("Atlas") has filed a motion to reinstate a criminal appeal which it voluntarily dismissed on October 12, 1990. The State opposes the motion contending that the previous dismissal was unconditional, and since the case has been marked closed on this Court's docket, there is no basis for continued jurisdiction. We agree.

I

On October 6, 1989, Atlas docketed an appeal in this Court from a conviction in the Superior Court of thirty-six counts of felony theft and subsequent sentencing of fines and restitution in excess of $1,800,-000. Approximately one year later, Atlas voluntarily dismissed its appeal as part of an agreement with the State which included the disposition of separate criminal charges then pending in the Superior Court against Atlas' president, Robert A. Walton ("Walton"). Atlas contends that it was a party to an agreement with the State which provided, *inter alia,* for Walton to plead guilty to certain offenses and to accept personal responsibility for the fines and restitution imposed on Atlas. In exchange, it is alleged, the State agreed to recommend that Walton's sentence not exceed five years of incarceration and agreed not to oppose Atlas' motion to reduce the fines and restitution which were the subject of the appeal in this Court.

In May, 1991, the State advised the Superior Court that Walton had not complied with the terms of the plea agreement and it was thereupon withdrawing its recommendation as to Walton's sentencing and refused to agree to any reduction of the fines and restitution imposed on Atlas. On June 14, 1991, Atlas filed a motion to reinstate its previous appeal.

In each case "finally determined" in this Court a mandate issues as a matter of course. Supr.Ct.R. 19(a). Unless this Court has stayed the issuance of the mandate upon application of a party, *Martin v. State*, Del.Supr., 433 A.2d 1025 (1981), or attaches conditions for its issuance which have the effect of reserving jurisdiction under Rule 19(c), this Court loses jurisdiction once the mandate issues. Here, the voluntary dismissal pursuant to Supreme Court Rule 29 entered by Atlas on October 12, 1990 concluded, and thus "finally determined," the appeal then pending. As required by Rule 29(c), a certified copy of that voluntary dismissal was forwarded to the Prothonotary and the entry "Case Closed" made on the docket of this Court. This transmittal is the functional equivalent of the issuance of a mandate and serves to terminate the jurisdiction of this Court over the pending matter.

Atlas claims that this Court should reinstate its appeal because it did not receive the benefit of Walton's plea agreement. Any remedy for the alleged nonperformance by the State based on detrimental reliance should be pursued in the Superior Court under appropriate postconviction procedures. *Shields v. State*, Del. Supr., 374 A.2d 816 (1977). There is no procedural or jurisdictional basis for the "reinstatement" of this Court's jurisdiction.

The motion to reinstate the appeal must be DENIED.