LINDA J. BOHNEN, as Executrix for the Estate of William J. Bohnen, Plaintiff Below, Appellant,
v.
TROY CORPORATION, a Delaware corporation, Defendant Below, Appellee.
No. 280, 2008
Supreme Court of Delaware.
Submitted: October 14, 2008.
Decided: November 13, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 13th day of November 2008, it appears to the Court that:
(1) On September 11, 2008, Bohnen and Troy Corporation filed a Stipulation and Order of Dismissal, which we approved the same day. Later that day, the amicus curiae, National Assocation of Corporate Directors (NACDfiled a Motion to Vacate the Court of Chancery's holding in this case. That motion requested that "the trial court's decision be vacated in order to eliminate its precedential effect" and suggested in the alternative that this Court "act sua sponte to order the opinion of the Court below vacated."
(2) On September 16, 2008, we requested that NACD explain "what standing an amicus has to request that a stipulation for dismissal between the standing parties be vacated" and why the motion to vacate should not be stricken. In NACD's answer to our questions, NACD conceded that it is not a party with standing and that it "is heard only by leave of the court."[1] Therefore, NACD cannot assert any legal right. Nevertheless, NACD claims that it has a right to move to vacate the Court of Chancery's decision because it intends to give this Court "a full and complete presentation on questions of either general or public interest which were at issue in the proceedings before the court."[2] NACD insists that it is will "draw[] the court's attention to broader legal or policy implications that might otherwise escape its consideration in the narrow context of a specific case."[3]
(3) NACD argues that because this Court has not issued a formal mandate, we retain jurisdiction over the appeal to vacate the trial court's decision. In Atlas Sanitation Co., we interpreted Superior Court Rule 19 and held that a voluntary dismissal and transmitting that dismissal to the Superior Court's Prothonotary rendered the appeal "finally determined."[4] This Court loses jurisdiction "[u]nless this Court has stayed the issuance of the mandate upon application of a party, . . . or attaches conditions for its issuance which have the effect of reserving jurisdiction under 19(c)."[5] We held that transmitting a dismissal to the Prothonotary was the "functional equivalent of the issuance of a mandate and serve[d] to terminate the jurisdiction of this Court over the pending matter."[6]
(4) This Court did not impose any conditions to reserve jurisdiction when granting the stipulation and order of dismissal. Therefore, our approval of the parties' voluntary dismissal pursuant to Rule 29 is the "functional equivalent" of the issuance of a mandate that terminates our jurisdiction over appeal.
(5) NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion to Vacate is REFUSED.
NOTES
[1] Giammalvo v. Sunshine Mining Co., 644 A.2d 407, 408 (Del. 1994).
[2] Id.
[3] Id.
[4] Atlas Sanitation Co. v. State, 595 A.2d 380, 381 (Del. 1991).
[5] Id.
[6] Id.