IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PAUL BRUNHAMMER, | § | |
| | § | No. 6, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1006015080 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: January 21, 2016
Decided: February 12, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## **O R D E R**

This 12th day of February 2016, upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) The appellant, Paul Brunhammer, filed his notice of appeal on January 6, 2016 from a Superior Court order dated December 7, 2015, denying Brunhammer's motion to dismiss the indictment against him. The Clerk of this Court issued a notice to Brunhammer directing him to show cause why his appeal should not be dismissed given this Court's lack of jurisdiction to hear an interlocutory appeal in a criminal case.

(2)     Brunhammer filed a response to the notice to show cause on January 21, 2016.  Brunhammer seems to argue that the Superior Court's order is final because it was issued by a Judge and not a Commissioner of the Superior Court.

(3)     Brunhammer's response is unavailing.  Under the Delaware Constitution, this Court may only review a final judgment in a criminal case.[1]  The Superior Court's denial of Brunhammer's pretrial motion to dismiss the indictment is not a final order,[2] because the denial of the motion only has the effect of allowing the case to proceed forward, typically to a trial after which a final judgment will be entered.[3]  As a result, this Court does not have jurisdiction to review this appeal.[4]

NOW, THEREFORE, IT IS ORDERED that the within appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[1] Del. Const. art. IV, § 11(1)(b).

[2] *See, e.g.*, *Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 796 (Del. 1985) ("A final judgment is generally defined as one which determines the merits of the controversy or the rights of the parties and leaves nothing for future determination or consideration.  The test is whether such judgment or decree determines the substantial merits of the controversy and the material issues litigated or necessarily involved in the litigation."); *Order*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "final order" as "[a]n order that is dispositive of the entire case.").

[3] *Banther v. State*, 2006 WL 2707425 (Del. Sept. 19, 2006).

[4] *Gottlieb v. State*, 697 A.2d 400, 401–02 (Del. 1997).

2