**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

ERIC RILEY & JEANNE RILEY, )
)
     Defendants-Below, )
     Appellants, )
)
        v. )    C.A. No. N15A-12-005 JAP
)
NEW CASTLE AUTO AUCTION )
& CONSIGNMENTS, INC., )
)
     Plaintiff-Below, )
     Appellee. )

## MEMORANDUM OPINION

On November 1, 2016 the court *sua sponte* issued a Rule to Show Cause why this appeal from the Court of Common Pleas should not be dismissed for lack of jurisdiction. Appellants oppose dismissal; Appellee does not. For the reasons that follow, the court finds that it lacks jurisdiction because the judgment from which the appeal has been taken is not final. The appeal is therefore dismissed.

*Background*

In 2010 Appellants (the "Rileys")[1] purchased a used 2002 Dodge Stratus from New Castle Auto Auction. They signed a promissory note in favor of the New Castle Auto Auction as part of the transaction. Within a few months the purchasers began missing payments, and New Castle Auto Auction brought suit against them in a Justice of the Peace Court. That court ruled against the

---

[1] The court understands the Rileys to contend that only Eric Riley purchased the Stratus and that Jeanne Riley signed the promissory note only because the auto auction required her to do so as a condition to selling her husband the car. This contention is not germane to the issue now before the court and, for shorthand purposes, it will sometimes refer to both Rileys as the "purchasers."

Auto Auction because the Auction failed to introduce sufficient documentation of the transaction at trial. The Auto Auction appealed to the Court of Common Pleas where it received a trial *de nov*o. After that trial, the Court of Common Pleas held that the Rileys defaulted on their promissory note and awarded New Castle Auto Auction $8,574.60 plus interest. During the course of the proceedings below, the Auto Auction contended it had a contractual right to attorneys fees under the promissory note signed by the purchasers. The Court of Common Pleas agreed that the Auto Auction was entitled to attorneys fees but deferred ruling on the amount of those fees until after the parties had an opportunity to file written submissions on the amount to be awarded. The Rileys appealed to this court before the Court of Common Pleas could rule on the amount of the fees.

*The Rule to Show Cause*

Both sides filed briefs in this court on the merits of the appeal. When the matter was submitted to this court for decision it questioned its jurisdiction because there did not appear to be a final judgment entered below. On November 1, 2016 this court issued a Rule to Show Cause directing the parties to show cause why the matter should not be dismissed for lack of jurisdiction. In its Rule to Show Cause the court directed the parties' attention to several Delaware Supreme Court opinions, including *Sentinel Technologies, Inc. v. Revolution Retail Systems, L.L.C.*[2] The Rileys filed a response to the Rule to

---

[2] 130 A.3d 931 (Del. 2015).

Show Cause in which they opposed dismissal of their appeal; New Castle Auto Auction submitted a response advising the court it does not oppose dismissal.

*Analysis*

Neither side disputes that this court's jurisdiction over civil appeals from the Court of Common Pleas is limited to appeals from final judgments. Delaware law provides that "[f]rom any *final* order, ruling, decision or judgment of the court [of Common Pleas] in a civil action there shall be the right of appeal to the Superior Court."[3] The court must therefore determine if this is an appeal from a final judgment. It is not. In *Showell Poultry, Inc. v. Delmarva Poultry Corp.* the Delaware Supreme Court wrote that the "test for whether an order is final and therefore ripe for appeal is whether the trial court has clearly declared its intention that the order be the court's 'final act' in a case."[4] There is no room for doubt here that the Court of Common Pleas did not intend its ruling to be its final act in the case. After finding in favor of New Castle Auto Auction on the merits and finding the Rileys were obligated to pay the Auto Auction's attorneys fees, the court-below required the parties to make further submissions on the amount of the fees. The trial judge then wrote "[t]he Court shall then issue a separate written decision on the amount of attorney's fees." This alone is dispositive of the jurisdictional issue presently before this court. The court notes that nowhere in their response to the Rule to Show Cause do the Rileys mention *Showell.*

---

[3] 10 *Del. C.* § 1326 (emphasis added).

[4] *Showell Poultry, Inc. v. Delmarva Poultry Corp.,* 146 A.2d 794, 796 (Del. 1958). *Showell Poultry* has withstood the test of time and is still cited for that proposition. *E.g., Brunhammer v. State,* 2016 WL 611822 (Del. 2016).

The operation of the rule in *Showell* and its progeny with respect to the context of a pending award of attorneys fees is illustrated by the Delaware Supreme Court in *Sentinel Technologies, Inc. v. Revolution Retail Systems, L.L.C.*[5] wherein it wrote:

> This Court consistently has held that that a judgment on the merits is not final until an outstanding related application for an award of attorneys fees has been decided. The ruling from which the appeal is taken is interlocutory in nature because it did not finally determine and terminate the cause before the Court of Chancery.

*Sentinel Technologies* was decided after the Rileys filed the instant appeal. The Rileys assert that "[w]hether [*Sentinel Technologies*] is retroactive is an open question" and argue that it "is merely a prospective precedent." They follow with a discussion of retroactivity in the federal courts. This court is hard-pressed to understand why the Rileys assert that there is "an open question" about whether *Sentinel Technologies* can retroactively be applied. The Rileys' assertion is particularly perplexing given the *Sentinel Technologies* Court's observation that "[t]his Court consistently has held that a judgment on the merits is not final until an outstanding related application for an award of attorneys fees has been decided." There are indeed many instances in which the courts of this state have held that a pending claim for attorneys fees renders a judgment non-final.

The Rileys also contend there is no case law applying the rule to appeals from the Court of Common Pleas to this court: "counsel was not able to find a

---

[5]  130 A.3d 931 (Del. 2015).

4

case using the jurisdictional analysis between the Court of Common Pleas and the Superior Court prior to *Sentinel Technologies.*"[6] The point lacks merit for at least two reasons. *First,* there is nothing novel about this application of principles, which have been firmly established in Delaware law since at least the Supreme Court's 1958 decision in *Showell Poultry. Second,* the assertion that these principles have never been applied to appeals "between the Court of Common Pleas and the Superior Court" is wrong. In *Gould v. Wien* this court did that very thing in 2007. According to the Court of Common Pleas:

> On June 27, 2007 the Court [of Common Pleas] issued its decision after trial in this matter, and entered judgment against Defendant in the amount of $16,500.00 plus interest and costs. The Court further found that, under the terms of the contract at issue, Plaintiff was entitled to an award of attorney's fees. The Court ordered Plaintiff to submit a fee affidavit, and gave Defendant the right to respond thereto. On July 12, 2007, Plaintiff submitted her attorney's fee affidavit. On July 20, 2007, prior to the final date for Defendant to respond to the fee affidavit, Defendant appealed this action to the Superior Court. On September 7, 2007 *the Superior Court dismissed Defendant's appeal as untimely, since this Court had yet to enter its final judgment on the issue of attorney's fees.*[7]

The Rileys urge that "there is no prejudice to either party if the court were to retain jurisdiction [while they litigate the amount of attorneys fees in the Court of Common Pleas], rather than dismiss it."[8] This court, however, cannot retain something it does not have. Finally, the Rileys also urge that this court apply their filing fee for this appeal to the appeal they will likely file once

---

6    Riley Resp. ¶6.
7    *Gould v. Wien,* 2007 WL 4158041 (Del. Ct. Com. Pl. Nov. 15, 2007) (emphasis added).
8    Riley Resp. ¶9.

the Court of Common Pleas enters a final judgment. Had the Rileys acknowledged the obvious in their response to Rule to Show Cause, this court would consider (but not necessarily grant) their request. But because they have chosen to fruitlessly belabor a point which this court deems to be well-established, it will not credit the fee they have paid to their next appeal.[9]

It is therefore **ORDERED** that the appeal is **DISMISSED.**

Dated: November 21, 2016
John A. Parkins, Jr.
Superior Court Judge

oc: Prothonotary

cc: David J. J. Facciolo, Esquire, Minster & Facciolo LLC, Wilmington, Delaware
D. Miika Roggio, Esquire, Silverman McDonald & Friedman, Wilmington, Delaware

---

[9] *Cf.,* Superior Court Civil Rule 54(e) ("if any party unnecessarily swells the record or otherwise causes unnecessary expense, the Court may, in its discretion, order such unnecessary expense to be taxed against the party causing the same, without regard to the outcome of the action.").