# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE STATE OF DELAWARE,

 Plaintiff

  v.

PREMIER HEALTHCARE INC.
d/b/a NEWARK MANOR NURSING
HOME, BRUCE BOYER,
DAVID BOYER, and
SUSAN COMEGYS,

 Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N17C-09-177 RRC

Submitted: July 9, 2018
Decided: July 17, 2018

On Defendants' Application for Certification of Interlocutory Appeal. **DENIED.**

# <u>ORDER</u>

Kate S. Keller and Laura N. Najemy, Esquire, Deputy Attorneys General, Department of Justice, Wilmington, Delaware, Attorney for Plaintiff.

Maria R. Granaudo Gesty, Esquire, Burns White LLC, Wilmington, Delaware, Attorney for Defendants.

COOCH, R.J.

This 17th day of July 2018, upon consideration of Defendants' Application for Certification of Interlocutory Appeal, it appears to the Court that:

1. On September 18, 2017, the State of Delaware ("Plaintiff") filed a complaint against Premier Healthcare Inc. (d/b/a Newark Manor Nursing Home), Bruce Boyer, David Boyer, and Susan Comegys. In the complaint, Plaintiff alleged that since 2011 Defendants had submitted or caused to be submitted

1

fraudulent claims for Medicaid reimbursement for "non-existent, grossly deficient, and materially substandard and/or worthless nursing home services" provided to five residents of Newark Manor.[1] On March 12, 2018, Defendants' filed a Motion to Dismiss pursuant to Superior Court Civil Rule 12(b)(6). A hearing on the Motion to Dismiss was held on May 30, 2018. On June 14, 2018, this Court issued a Memorandum Opinion denying Defendants' Motion to Dismiss. On June 19, 2018, Defendants' filed a Motion for Reargument. On June 25, 2018, Defendants filed their Application for Certification of Interlocutory Appeal. On June 26, 2018, this Court denied the Motion for Reargument. On July 9, 2018, the Plaintiff filed its response in opposition to the Application for Certification of Interlocutory Appeal.

2. Delaware Supreme Court Rule 42 sets out the criteria to be applied when a Court is faced with certification and acceptance of interlocutory appeals. A party seeking certification and acceptance of an interlocutory appeal must adhere to the strict requirements set forth in 42(b). Specifically, the rule states:

> (b) Criteria to be applied in determining certification and acceptance of interlocutory appeals. —
> (i) No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.
> (ii) Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources. Therefore, parties should only ask for the right to seek interlocutory review if they believe in good faith that there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal.
> (iii) Any application for interlocutory review shall contain a statement that the applicant and the applicant's counsel have determined in good faith that the application meets the criteria set forth in this paragraph. Consistent with the principles set forth in subparagraph (ii) of this paragraph, in deciding whether to

---

[1] Compl. ¶ 2.

certify an interlocutory appeal, the trial court should consider whether:

(A) The interlocutory order involves a question of law resolved for the first time in this State;

(B) The decisions of the trial courts are conflicting upon the question of law;

(C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;

(D) The interlocutory order has sustained the controverted jurisdiction of the trial court;

(E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;

(F) The interlocutory order has vacated or opened a judgment of the trial court;

(G) Review of the interlocutory order may terminate the litigation; or

(H) Review of the interlocutory order may serve considerations of justice.

After considering these factors and its own assessment of the most efficient and just schedule to resolve the case, the trial court should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal.[2]

3. The Supreme Court of Delaware will accept an interlocutory appeal if the party seeking such appeal adheres to the strict requirements set forth above.[3] "An aggrieved party can appeal to [the Delaware Supreme Court] only after a

---

[2] Supr. Ct. R. 42.
[3] See *Id.*

final judgment is entered by the trial court."[4] "A final judgment is generally defined as one which determines the merits of the controversy or the rights of the parties and leaves nothing for future determination or consideration."[5] "The purpose of not permitting appeals [until after a final judgment is rendered] is to prevent piecemeal litigation and to eliminate the delays which might be occasioned by so many interlocutory or interim appeals."[6] "The test is whether such judgment or decree determines the substantial merits of the controversy and the material issues litigated or necessarily involved in the litigation."[7]

4. Defendants fail to establish that this Court's Denial of Defendants' Motion to Dismiss established a legal right to pursue such an appeal. The Delaware Supreme Court has stated that "courts should generally deny requests for certification of appeals on interlocutory orders 'directed to the pleadings' unless 'such rulings will be so substantively affect the merits a case or change the status of the parties…"[8] "The trial court should not certify the interlocutory appeal where courts have not settled an issue affecting the litigation with finality."[9] Following such, this Court has not settled an issue affecting the litigation with finality. This Court's Opinion denying a Motion to Dismiss has not settled the litigation with finality nor the issues contained within. Defendants' Application for Certification of Interlocutory Appeal is devoid of legal authorities that show where this Court has previously certified an appeal on the basis that a routine motion to dismiss created a legal right. As previously stated, this Court found that this case specifically required a more developed record.[10] Without a further established factual record, this case is not ripe for a final determination. The strict requirements of Rule 42 requiring a legal right to such an appeal has not been met by the Defendants.

5. Additionally, Defendants' fail to establish that this Court's Denial of Defendants' Motion to Dismiss determined a substantial legal issue under Rule 42. A substantial legal issue is not created within the meaning of Rule 42 where this Court merely permits both parties to further develop the factual

---

[4] *Tyson Foods, Inc. v. Aetos Corp.*, 809 A.2d 575, 579 (Del. 2002).
[5] *Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 796 (Del. 1958).
[6] *Id.* at 795.
[7] *Id.* at 796.
[8] *In re Novell, Inc. Shareholder Litigation, Pl.'s Mem. Of Law in Opp'n.*, 2013 WL 395362 (Del. Ch. Jan. 28, 2013) (quoting *Levinson v. Conlon*, 385 A.2d 717, 720 (Del. 1978)).
[9] *Id.*
[10] Mem. Op. at 11.

record in this case. The Supreme Court of Delaware has previously refused to hear an interlocutory appeal where the Court of Chancery's decision to deny a motion to dismiss in order to allow plaintiff to pursue discovery was not an "important and urgent reason [] for an immediate determination by this Court of the questions presented."[11] Following such rationale, Defendants' fail to establish that a substantial legal issue under Rule 42 exists at this stage.

6. In the Application for the Certification of an Interlocutory Appeal, Defendants' state that [1] "this interlocutory order involves a question of law resolved for the first time in this state", [2] "the question of law relates to the constitutionality, construction, or application of a statute of this state, which has not been, but should be, settled by this court in advance of an appeal from a final order[,]" [3] "review of the interlocutory order may terminate the litigation[,]" and [4] "review of the interlocutory order may serve considerations of justice[.]"[12] These aforementioned arguments need not be reached as the threshold standard for an Application for Certification of Interlocutory Appeal under Rule 42 has not been satisfied.

7. Defendant fails to demonstrate a basis for recovery pursuant to Del. Super. Ct. R. 42. Accordingly, Defendants' Application for Certification of Interlocutory Appeal is **DENIED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, J.

cc:    Prothonotary

---

[11] _Fuqua Indus., Inc. v. Lewis_, 504 A.2d 571 at *1. (Del. 1986) (TABLE) (Pl. Ex. A).
[12] Defs. Application for Certification of Interlocutory Appeal at 12-15.

5