IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| POPE INVESTMENTS LLC, POPE INVESTMENTS II, LLC and CHINA ALARM HOLDINGS ACQUISITION LLC, | § § § § § | No. 259, 2017 |
| Defendants Below, Appellants, | § § § § | Court Below: Court of Chancery of the State of Delaware |
| v. | § § | C.A. No. 12829-VCL |
| THE MARILYN ABRAMS LIVING TRUST, | § § § § § | |
| Plaintiff Below, Appellee. | § § | |

Submitted: June 22, 2018
Decided: July 18, 2018

Before **STRINE**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

# **O R D E R**

On December 15, 2017, this Court affirmed the judgment of the Court of Chancery on the basis of and for the reasons assigned in its post-trial ruling dated March 21, 2017, its final order and judgment dated May 9, 2017, and its order awarding attorneys' fees and expenses dated May 26, 2017.[1] The Clerk of this Court issued the mandate and closed the case on January 3, 2018. On June 22, 2018, the

---

[1] *Pope Investments LLC v. Marilyn Abrams Living Trust*, 177 A.3d 69, 2017 WL 6398168 (Del. 2017) (TABLE).

Marilyn Abrams Living Trust (the "Trust") filed a motion for the attorneys' fees it incurred on appeal.

Because the mandate in this appeal issued months ago, the Court has no jurisdiction to act on or consider the merits of the Trust's motion for attorneys' fees.[2] To the extent the Trust's motion implicitly requests the Court to recall the mandate, that request is denied. In any event, this request for attorneys' fees comes far too late. In the original appeal in this case, the Court affirmed the Court of Chancery's decision and did not include a provision ordering an award of fees. We did so intentionally because no request for fees had been made.

The appropriate time for litigants to make a motion for attorneys' fees before a trial court is before the trial court enters a final judgment.[3] Similarly, the appropriate time for a litigant to make a motion before this Court under Rule 20(f)

---

[2] *Atlas Sanitation Co. v. State*, 595 A.2d 380 (Del. 1991).

[3] *See Biolase, Inc. v. Oracle Partners, L.P.*, 97 A.3d 1029, 1036 (Del. 2014) ("It is common and efficient for parties to argue their merits arguments in their trial briefs and then conclude their brief by presenting an argument why, if they win on the merits, they are entitled to attorneys' fees." (first citing *Branson v. Branson*, 2011 WL 1135024, at *1 (Del. Ch. Mar. 1, 2011) ("The Defendants did not assert a claim for attorney's fees in the Pretrial Order, and they did not seek any award of attorney's fees in their post-trial briefing. Moreover, they did nothing else that might have operated to keep alive any claim for attorney's fees. In short, their request was not properly preserved and is now untimely."); and then citing *Kosachuk v. Harper*, 2002 WL 1767542, at *8 n.51 (Del. Ch. July 25, 2002) (observing that where a party had sought an award of attorney's fees in the Pretrial order but did not pursue the award during trial or in the post-trial brief, the claim for an award had been waived); and then citing DONALD J. WOLFE & MICHAEL A. PITTENGER, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY § 13.03 (2013) (explaining that the Court of Chancery ordinarily will not award attorney's fees after a trial "if a request for a fee award has not been properly preserved.")).

is in the course of briefing before this Court.[4]  It is inefficient for parties to raise collateral post-judgment proceedings regarding attorneys' fees.[5]

NOW, THEREFORE, IT IS ORDERED that the Marilyn Abrams Living Trust's motion for the award of attorneys' fees, to the extent that it requests the mandate on appeal be recalled, is DENIED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[4] *See Scion Breckenridge Managing Member, LLC v. ASB Allegiance Real Estate Fund*, 68 A.3d 665, 688 (Del. 2013) ("'Although we have authority under Supreme Court Rule 20(f) to award attorneys' fees in the case of a frivolous appeal, we will not consider an informal request in the absence of a formal motion made and presented in accordance with the Supreme Court Rules.'" (quoting *Gatz Props., LLC v. Auriga Capital Corp.*, 59 A.3d 1206, 1222 n.96 (Del. 2012) (emphasis omitted))).

[5] *See Tyson Foods Inc. v. Aetos Corp.*, 809 A.2d 575, 579–80 (Del. 2002) ("An aggrieved party can appeal to this Court only after a final judgment is entered by the trial court. . . . The policy underlying the final judgment rule is one of efficient use of judicial resources through disposition of cases as a whole, rather than piecemeal (citing *Showell Poultry Corp., Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 795 (Del. 1958))).