IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHELLE BROWN,[1] | § | |
| | § | |
| Petitioner Below, | § | No. 72, 2025 |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware |
| | § | |
| ALEXANDER HUGHES, | § | File No. CN18-01338 |
| | § | Petition No. 24-11675 |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: March 3, 2025
Decided: March 31, 2025
Revised: April 2, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the notice to show cause and the response, it appears to the Court that:

(1) Michelle Brown ("Mother") filed a notice of appeal from a Family Court order granting Alexander Hughes's ("Father") motion for testimony of a witness at a hearing on Mother's petition for a rule to show cause. The Senior Court Clerk issued a notice directing Brown to show cause why this appeal should not be dismissed for her failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order. In her response to the notice to show

_____

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

cause, Mother provides a timeline of the parties' proceedings in Family Court and numerous documents from those proceedings but does not address the interlocutory nature of her appeal.

(2)    Absent compliance with Rule 42, this Court is limited to the review of a trial court's final judgment.[2] "A final judgment is generally defined as one that determines the merits of the controversy or defines the rights of the parties and leaves nothing for future determination or consideration."[3] The order on appeal is not final because the Family Court has not entered a final order on Mother's petition for a rule to show cause. When the Family Court enters a final order in that matter, either party may file an appeal.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED under Supreme Court Rule 29(b).

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[3] *Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 796 (Del. 1958).