IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PAULA H. SMITH, | § | |
| | § | |
| Petitioner Below, | § | No. 207, 2025 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| FEDERAL NATIONAL MORTGAGE | § | C.A. No. 2023-0653 |
| ASSOCIATION, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |
| | § | |

Submitted:  May 27, 2025
Decided:    June 9, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

Upon consideration of the notice to show cause and the responses, it appears to the Court that:

(1)    On April 16, 2025, a Vice Chancellor dismissed Paula H. Smith's exceptions to a Magistrate's final report.  The Vice Chancellor noted Federal National Mortgage Association's request for fee-shifting and an injunction against future filings under 10 *Del. C.* § 8803(e), but concluded that she lacked jurisdiction to consider those requests and remanded them to the Magistrate for her consideration.  The Magistrate has not ruled upon the requests.

(2)     On May 8, 2025, Smith filed a notice of appeal from the April 16, 2025 Order. The Senior Court Clerk issued a notice directing Smith to show cause why the appeal should not be dismissed for her failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order. In her response to the notice to show cause, Smith asks the Court to excuse her non-compliance with Rule 42 because she is *pro se*. Federal National Mortgage Association opposes Smith's request for interlocutory review.

(3)     Absent compliance with Rule 42, this Court is limited to the review of a trial court's final judgment.[1] "A final judgment is generally defined as one that determines the merits of the controversy or defines the rights of the parties and leaves nothing for future determination or consideration."[2] In light of the Vice Chancellor's remand for the Magistrate to consider Federal National Mortgage Association's request for fee-shifting and an injunction against future filings, the April 16, 2025 Order is not final. Smith does not dispute that she failed to comply with Rule 42 so this interlocutory appeal must be dismissed. She may file a notice of appeal after the Court of Chancery issues a final order.

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[2] *Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 796 (Del. 1958).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice