IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WEIH STEVE CHANG, | § | |
| | § | |
| Plaintiff Below, | § | No. 273, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| BISHOP FRANCIS MALOOLY of the | § | C.A. N24C-04-220 |
| Catholic Diocese of Wilmington, | § | |
| FATHER JOHN MINK, SISTER | § | |
| VIRGINIA PFAU and CARMELITA | § | |
| MENTON of Saint Ann, CHRISTINE | § | |
| DEMSEY of Immaculate Heart of Mary, | § | |
| DESALES HALEY of Resurrection, | § | |
| BARRY MULLINS of Catholic Youth | § | |
| Ministry, JANICE TIGANI of Saint | § | |
| Helena, VALERIE FARNAN of Saint | § | |
| Mary Magdalen, and unnamed church | § | |
| personnel, in their individual, diocesan, | § | |
| and governmental capacities, jointly and | § | |
| severally, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: September 17, 2025
Decided: October 3, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

**ORDER**

After consideration of the notice to show cause, the response, and the motion to stay, it appears to the Court that:

(1) This appeal arises from a civil RICO action Weih Steve Chang filed in the Superior Court. He alleged that employees and representatives of the Catholic Diocese of Wilmington ("CDOW") engaged in misconduct. On May 30, 2025, the Superior Court granted motions to dismiss filed by Bishop Francis Malooly, Father John Mink, Christine Demsey, Commissioner DeSales Haley, Janice Tigani, and Valerie Farnan. The opinion noted that several named defendants were deceased and that unnamed defendants had not been served.

(2) On June 11, 2025, the Superior Court informed Chang that the matter could not proceed because either service of process was not complete or Chang had failed to act on claims against Sister Virginia Pfau, Carmelita Menton, Barry Mullins, and Unnamed Church Personnel. The court directed Chang to report on the status of the case within thirty days. On June 26, 2025, Chang filed this appeal from the Superior Court's May 30, 2025 opinion.

(3) On July 16, 2025, Chang responded to the Superior Court's June 11, 2025 letter. He stated, among other things, that he had not yet served CDOW because he was waiting for resolution of his November 26, 2024 motion to amend the complaint caption to add CDOW. Chang also filed a motion for enlargement of

2

time to serve CDOW. The Superior Court notified Chang that it lacked jurisdiction while his appeal was pending and that his motions were stayed pending resolution of the appeal.

(4) On August 22, 2025, Chang filed a motion to stay the appeal in this Court pending resolution of open matters in the Superior Court. The Senior Court Clerk then issued a notice directing Chang to show cause why the appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order. In his response to the notice to show cause, Chang acknowledges that the appeal is interlocutory and asks the Court to accept it. He does not address his failure to comply with the requirements of Rule 42.

(5) Absent compliance with Rule 42, this Court is limited to the review of a trial court's final judgment.[1] "A final judgment is generally defined as one that determines the merits of the controversy or defines the rights of the parties and leaves nothing for future determination or consideration."[2] Because the Superior Court has not resolved all of the claims against all of the parties and motions remain pending, this appeal is interlocutory.[3] Chang has not complied with the requirements of Rule

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

[2] *Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 796 (Del. 1958).

[3] *Williams v. Mitchell*, 2006 WL 2535098, at *1 (Del. Aug. 29, 2006) ("When a civil action involves multiple claims and multiple parties, a judgment regarding any claim or any party does not become final until the entry of the last judgment that resolves all claims as to all parties unless

42 so this appeal must be dismissed. Chang may file a notice of appeal after the Superior Court issues a final order. Dismissal of this appeal renders the motion to stay moot.

NOW, THEREFORE, IT IS ORDERED, that this appeal is DISMISSED under Supreme Court Rule 29(b). The motion to stay is DISMISSED as moot. The filing fee paid by Chang shall be transferred to any later appeal he files from the Superior Court's final judgment.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

an interlocutory ruling as to a claim or party is certified pursuant to Superior Court Civil Rule 54(b)." (internal quotations omitted)).