**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

November 5, 2025

Richard L. Renck, Esquire
Michael B. Gonen, Esquire
Duane Morris LLP
1201 North Market Street, Suite 501
Wilmington, Delaware 19801

William E. Gamgort, Esquire
Carmella C. Cinaglia, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, Delaware 19801

RE:   *Ramon Diez Barroso et al. v. Vasallo TV Group LLC et al.*,
      C.A. No. 2025-0480-LWW

Dear Counsel:

I write regarding the parties' dueling motions that follow my October 10, 2025 post-trial opinion resolving this control dispute. The defendants seek to stay the opinion's enforcement pending appeal; the plaintiffs seek to modify a prior status quo order to enable its enforcement. For the reasons described below, both motions are denied.

## I.    BACKGROUND

The background of this action is detailed in my October 10 post-trial memorandum opinion (the "Opinion").[1] In short, I held that a 2008 LLC Agreement,

---

[1] Post-trial Mem. Op. (Dkt. 70) ("Op.").

as modified by a 2012 Settlement Agreement, governs Caribevision TV Network LLC.[2]  Under the 2008 LLC Agreement, the plaintiffs' action by written consent to appoint new managers was valid.[3]  The later meeting at which those managers purported to remove defendant Carlos Vasallo as CEO, however, was defective for lack of notice.[4]  The defendants have appealed the Opinion.

Now, the plaintiffs have noticed a new meeting for today (November 5) to, among other things, ratify Vasallo's removal.  In response, the defendants moved for an injunction pending appeal to prevent this meeting from occurring.[5]  The plaintiffs then moved to modify the interim status quo order I entered early in this case, which designated Vasallo as the status quo CEO (the "Status Quo Order"),[6] to confirm their ability to proceed.[7]

---

[2] Op. 21.  Capitalized terms not defined herein have the meaning given in the Opinion.

[3] *Id.* at 27.

[4] *Id.* at 29.

[5] Defs.' Mot. for Inj. Pending Appeal and for Expedited Proceedings (Dkt. 73) ("Defs.' Inj. Mot."); *see also* Pls.' Opp'n to Defs.' Mot. for Inj. Pending Appeal and for Expedited Proceedings (Dkt. 79) ("Pls.' Inj. Opp'n").

[6] Status Quo Order (Dkt. 24).

[7] Pls.' Mot. to Modify Status Quo Order (Dkt. 80); *see also* Defs.' Resp. to Mot. to Modify Status Quo Order (Dkt. 85).

## II.   ANALYSIS

One overarching issue governs the disposition of these motions—whether the Opinion was an interim decision or final judgment.  Resolving this question clarifies which motion is procedurally proper.  Because the Opinion was a final judgment, the plaintiffs' motion is moot.  The defendants' motion is denied on the merits.

### A.   The Motion to Modify the Status Quo Order

The plaintiffs argue that the Opinion was not this court's final act in the case, given a pending contempt motion.  Thus, they allege that the defendants have filed a "jurisdictionally barred interlocutory appeal."[8]  Based on that view, they assert that the interim Status Quo Order remains in effect and must be modified.

The plaintiffs are incorrect.  I "clearly declared [my] intention" of finality in the opinion by entering judgment for the plaintiffs in part and for the defendants in part.[9]   I determined each of the substantial issues proffered in the plaintiffs' complaint.[10]

---

[8] *See* Pls.' Inj. Opp'n ¶ 5.

[9] *Plummer v. R.T. Vanderbilt Co.*, 49 A.3d 1163, 1167 (Del. 2012) (citation omitted); *see* Op. 30 ("Judgment is entered for the plaintiffs in part, and for the defendants in part.").

[10] *See* Op. 1; *see also Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 796 (Del. 1958) (explaining that a "final judgment" is one that "determines the merits of the controversy").

Because the pending contempt motion does not concern "the merits of [this] action," it is collateral to the Opinion and cannot affect its finality.[11]  My opinion is a final decision.[12]  It dissolved and superseded the interim Status Quo Order.  As the Status Quo Order no longer exists, the plaintiffs' motion to modify it is denied as moot.

### B.    The Motion for an Injunction Pending Appeal

That leaves the defendants' request for an injunction pending appeal, which is effectively a motion for a stay.  This court's authority to grant a stay pending appeal is governed by Court of Chancery Rule 62(d) and Delaware Supreme Court Rule 32(a).[13]  When reviewing such a request, this court is guided by the four *Kirpat* factors: (1) "a preliminary assessment of likelihood of success on the merits of the appeal"; (2) "whether the petitioner will suffer irreparable injury if the stay is not granted"; (3) "whether any other interested party will suffer substantial harm if the

---

[11] *Cf. Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).

[12] Lest there be any doubt, an implementing order is filed contemporaneously with this letter.

[13] *See* Ct. Ch. R. 62(d); Supr. Ct. R. 32(a) (requiring that a "motion for stay . . . be filed in the trial court in the first instance").

stay is granted"; and (4) "whether the public interest will be harmed if the stay is granted."[14]

Because the first factor "directs the trial court to assess the strength of its own reasoning and judgment, 'the "likelihood of success on appeal" prong cannot be interpreted literally or in a vacuum.'"[15] Instead, "the court often considers the [other] three factors before assessing whether the movant has presented a question that raises a fair ground for review by our Supreme Court."[16] I proceed accordingly.

1. <u>Irreparable Injury (Factor 2)</u>

Regarding the second factor, the defendants' purported harm is insufficient. The harm must be imminent and concrete.[17] The November 5 meeting will purportedly remove defendant Vasallo from his corporate position with cause. Even though Delaware courts recognize that the "risk of unauthorized Board action . . .

---

[14] *Kirpat, Inc. v. Del. Alcoholic Beverage Control Comm'n*, 741 A.2d 356, 357 (Del. 1998).

[15] *Zhou v. Deng*, 2022 WL 1617218, at *2 (Del. Ch. May 23, 2022) (citing *Kirpat*, 741 A.2d at 358).

[16] *Rosenbaum v. CytoDyn Inc.*, 2021 WL 4890876, at *1 (Del. Ch. Oct. 20, 2021).

[17] *See, e.g.*, *Bali v. Christiana Care Health Servs., Inc.*, 1999 WL 413303, at *5 (Del. Ch. June 16, 1999).

supports finding a threat of irreparable harm," the "loss of board control alone cannot constitute irreparable harm for purposes of *Kirpat*."[18]

The defendants' argument "cuts both ways."[19] Granting the stay would inflict the very harm the defendants fear. It would deny the court-affirmed majority managers (the plaintiffs) their right to govern, effectively perpetuating unauthorized board action by the very party that lost at trial. This weighs heavily against a stay.

### 2. Harm to Others and the Public Interest (Factors 3 and 4)

The third *Kirpat* factor asks whether "any other interested party will suffer substantial harm."[20] The defendants contend that the plaintiffs would experience no harm. Yet they fail to acknowledge the substantial harm that would result from depriving the plaintiffs of the judgment entered in their favor.[21] The defendants seek an injunction that "would mimic or expand the request for relief already rejected"— an "unusual occurrence" that often fails.[22]

---

[18] *Zhou*, 2022 WL 1617218, at *2 (citation omitted).

[19] *Frankino v. Gleason*, 1999 WL 1063071, at *1 (Del. Ch. Nov. 12, 1999).

[20] *Kirpat*, 741 A.2d at 357.

[21] *See Soleimani v. Hakkak*, 2024 WL 2186292, at *2 (Del. Ch. May 15, 2024) (finding substantial harm where a stay would deprive the prevailing party of their adjudicated, bargained-for rights).

[22] *CytoDyn Inc.*, 2021 WL 4890876, at *1 (citation omitted).

As to the fourth factor—the public interest—the defendants' arguments are overblown. They argue that the public interest is harmed by the Opinion's interpretation of "shall," which they claim has "broad import" for all Delaware contracts, and that a stay is needed to "ensure[] no unauthorized corporate action is undertaken" pending appeal.[23] But a dispute affecting two private parties hardly impacts the public interest.[24]

### 3. Likelihood of Success (Factor 1)

Finally, I return to the first *Kirpat* factor. This court is asked "to assess, as objectively as possible, whether the case presents a fair ground for litigation and more deliberative investigation."[25] The standard may be met if the case involves a "novel issue" or "unsettled areas of Delaware law."[26] This case has neither.

The defendants' appeal rests primarily on their argument that "shall" in Section 11.4(b) of the 2008 LLC Agreement is exclusive. This interpretation is not

---

[23] Defs.' Inj. Mot. ¶¶ 31-33.

[24] *See Level 4 Yoga, LLC v. CorePower Yoga, LLC*, 2022 WL 964112, at *2 (Del. Ch. Mar. 31, 2022).

[25] *Wynnefield P'rs Small Cap Value L.P. v. Niagara Corp.*, 2006 WL 2521434, at *1 (Del. Ch. Aug. 9, 2006) (citation omitted).

[26] *Huntington Way Assocs. LLC v. RRI Assocs. LLC*, 2023 WL 5664115, at *3 (Del. Ch. Sept. 1, 2023) (citation omitted).

a novel issue. As the Opinion explained, it is a flawed reading that ignores the specific language of Sections 9.1 and 9.2, which explicitly permit the member action taken here.[27]

The Opinion reasoned that Section 11.4(b) sets a default procedure, not an exclusive one, and that the broad powers granted to the member majority in Section 9.1 to act by written consent "in lieu of a meeting" do not conflict with this default procedure but provide an alternative path for member action.[28] This harmonious reading of the contract, which gives effect to all provisions, applied a settled principle of contract interpretation.[29]

The appeal is a request to re-litigate a straightforward matter of contract interpretation, not a "fair ground for . . . more deliberative investigation" on an unsettled point of law.[30]

\* \* \*

On balance, the *Kirpat* factors weigh against a stay. The defendants have not shown they will suffer imminent, irreparable harm. At the same time, a stay would

---

[27] Op. 22-27.

[28] *Id.* at 24-26.

[29] *See, e.g.*, *Axis Reinsurance v. HLTH Corp.*, 993 A.2d 1057, 1063 (Del. 2010).

[30] *Wynnefield*, 2006 WL 2521434, at \*1.

cause substantial harm to the plaintiffs by denying them their adjudicated rights. These facts, combined with the lack of a strong public interest or a novel question of law on appeal, tip the balance decisively against granting a stay that mimics the very relief rejected after trial.

## III.   CONCLUSION

For these reasons, the defendants' motion for an injunction pending appeal is denied.  The plaintiffs' motion to modify the status quo order is denied as moot.

IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor