IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AXOS FINANCIAL, INC., AXOS, SECURITIES, LLC, AXOS CLEARING, INC., and AXOS CLEARING LLC, | § § § § | No. 15, 2026 |
| Defendants Below, Appellants, | § § § | Court Below—Court of Chancery of the State of Delaware |
| v. | § § | C.A. No. 2020-0405 |
| LEGENT GROUP, LLC, COR ADVISORS LLC, ST. CLOUD CAPITAL PARTERS II, L.P., and CARLOS P. SALAS, | § § § § § § | |
| Plaintiffs Below, Appellees. | § § | |

Submitted: January 30, 2026
Decided: March 24, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>**ORDER**</u>

Upon consideration of the notice to show cause and the responses, it appears to the Court that:

(1) On November 7, 2025, the Court of Chancery issued a post-trial opinion in favor of plaintiffs below-appellees ("Plaintiffs")[1] and a letter decision granting in part Plaintiffs' motion for attorneys' fees and costs they incurred in connection with

---

[1] *Legent Group, LLC v. Axos Fin'l, Inc.* 2025 WL 3124529 (Del. Ch. Nov. 7, 2025) (hereinafter "Opinion").

defendants below-appellants' ("Defendants") discovery conduct.[2]  In the Opinion, the court directed the parties to submit a form of implementing order or competing forms of order within ten business days.  In the Sanctions Decision, the court directed Plaintiffs to submit an implementing order within seven business days.

(2)     Defendants moved for reargument of the Sanctions Decision, while Plaintiffs submitted an order implementing the Sanctions Decision.  The parties submitted competing forms of order implementing the Opinion.  The parties later submitted a stipulation and proposed order permitting the parties to brief the appropriate form of order implementing the Sanctions Decision.  The court granted the proposed order.

(3)     On December 9, 2025, the court denied Defendants' motion for reargument of the Sanctions Decision and granted a modified version of Defendants' form of order implementing the Opinion.  The implementing order required Plaintiffs to submit their bill of costs, which they did on December 19, 2025.

(4)     On January 7, 2026, Defendants filed this appeal of the Opinion, the Sanctions Decision, and the December 9, 2025 order implementing the Opinion. That same day the parties completed briefing on the appropriate form of order implementing the Sanctions Decision.  On January 8, 2026, the Court of Chancery

---

[2] *Legent Group, LLC v. Axos Fin'l, Inc.*, 2025 WL 3126872 (Del. Ch. Nov. 7, 2025) (hereinafter "Sanctions Decision").

entered an order—titled Final Order and Judgment—that awarded Plaintiffs the costs identified in their bill of costs. That January 8 order provided that the attorneys' fees and costs awarded in the Sanctions Decision would be resolved in a separate order.

(5) On January 9, 2026, the Senior Court Clerk issued a notice directing Defendants to show cause why this appeal should not be dismissed for their failure to comply with Supreme Court Rule 42 in appealing an apparent interlocutory order. In their response to the notice to show cause, Defendants state that they filed the appeal out of an abundance of caution because all issues except attorneys' fees had been resolved. In the event that the Court determines this appeal is interlocutory, Defendants request a stay pending issuance of an order resolving the fees or, if this appeal is dismissed, transfer of the filing fee to any future appeal that they file in this case. Plaintiffs contend that this appeal must be dismissed as interlocutory because the amount of attorneys' fees awarded in the Sanction Decision remains unresolved.

(6) Absent compliance with Rule 42, this Court is limited to the review of a trial court's final judgment.[3] "A final judgment is generally defined as one that determines the merits of the controversy or defines the rights of the parties and leaves nothing for future determination or consideration."[4] "The mere titling of an order as

---

[3] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

[4] *Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 796 (Del. 1958).

3

a 'Final Order and Judgment' is not dispositive of its finality for purposes of appeal."[5]  As Plaintiffs contend and Defendants implicitly acknowledge, this appeal is interlocutory because the amount of attorneys' fees awarded in the Sanctions Decision remains unresolved in the Court of Chancery.  This appeal therefore is interlocutory and must be dismissed. [6]

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED under Supreme Court Rule 29(b).  The filing fee paid by Defendants shall be applied to any future appeal they file from a final order entered in this case.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[5] *Gaffin v. Teledyne, Inc.*, 602 A.2d 1081, 1991 WL 181488, at *1 (Del. Aug. 23, 1991) (TABLE).

[6] *See., e.g.*, *Wollner v. PearPop, Inc.*, 281 A.3d 1271, 2022 WL 2903103, at *1 (Del. July 21, 2022) (TABLE) (dismissing appeal as interlocutory where the amount of the attorneys' fee award remained unresolved).