**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted: July 11, 2022
Date Issued:  July 12, 2022

Mr. Fredrick Williams
1470 Olmsted Drive
Bear, Delaware 19701

Mr. Anthony N. Delcollo, Esquire
Mr. Christopher J. Isaac, Esquire
OFFIT KURMAN, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, Delaware 19801

     RE:   *Williams v. Toll Brothers Builders, et al.*
              C.A. No. N22C-05-002 PRW

Dear Mr. Williams and Counsel:

This Letter Order resolves the Defendants' Motion to Dismiss under this Court's Civil Rule 12(b)(6).  Upon review of the parties' pleadings, their arguments at the hearing of the motion, and the record in this case, the Motion to Dismiss is **GRANTED.**

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In November 2011, Fredrick Williams purchased a new home from Defendant Hockessin Chase, L.P., located on Olmsted Drive in Bear, Delaware.[1]  Since then,

---

[1]  Compl. at 1 (D.I. 1); *Williams v. Toll Brothers Builders*, 2021 WL 3200825, at \*1 (Del. July 28, 2021) (hereafter "*Williams III*").

Mr. Williams has filed multiple lawsuits against Hockessin Chase (and others he deems responsible), seeking damages related to alleged construction defects to the driveway, stucco, roof, and other areas of his home.[2]

Mr. Williams's first two lawsuits were filed in the Court of Common Pleas. The first was dismissed for failing to name and serve the proper defendants, and the second was dismissed for want of subject matter jurisdiction.[3] Of particular import here, the Court of Common Pleas dismissed Mr. Williams's second suit based on binding arbitration clauses contained in the home's purchase agreement and warranty contract.[4] Mr. Williams didn't appeal either of those dismissals.[5]

He instead initiated a new action in this Court in 2020 seeking the same relief from the same defendants.[6] The Defendants again moved to dismiss the suit, arguing

---

[2]   Defs.' Mot. to Dismiss ¶ 2 (D.I. 10) ("Plaintiff has filed multiple lawsuits in reference to his residential property situated in Bear, Delaware, over the past five years."); *Williams III*, 2021 WL 3200825, at *1.

[3]   *Williams III*, 2021 WL 3200825, at *1.

[4]   Order of Dismissal ¶ 3, *Williams v. Michael Brown*, *et al.*, C.A. No. CPU4-19-002007 (Del. Ct. Com. Pl. Nov. 1, 2019) (Ex. A, Defs.' Mot. to Dismiss) (hereafter "*Williams I*") ("Pursuant to both Section 11 of the purchase agreement for the sale of the home and Article VII of the warranty agreement, the parties have agreed to resolve any and all claims arising out of the home or home warranty through binding arbitration.").

[5]   Order of Dismissal ¶¶ 2-3, *Williams v. Toll Brothers Builders*, *et al.*, C.A. No. N20C-06-198 VLM (Del. Super. Ct. Oct. 8, 2020) (Ex. C, Defs.' Mot. to Dismiss) (hereafter "*Williams II*"); *Williams III*, 2021 WL 3200825, at *1.

[6]   *Williams II*, Order of Dismissal ¶ 4.

Mr. Williams's complaint was barred by *res judicata*.[7] Agreeing with the Defendants, this Court granted the motion to dismiss, holding that the issues alleged in the then-pending complaint before it stemmed from the same operative facts as those alleged in the already dismissed Court of Common Pleas complaint.[8]

On appeal, the Supreme Court of Delaware affirmed the dismissal, agreeing that the matter was barred by the doctrine of claim preclusion, or *res judicata*.[9] A party's claim is precluded "based on the same cause of action after a court has entered judgment in a prior suit involving the same parties."[10] Thus, because the Court of Common Pleas determined that Mr. Williams was required to resolve his dispute via arbitration, and he neither appealed that decision nor participated in arbitration, the Supreme Court upheld this Court's dismissal of Mr. Williams's 2020 complaint on that basis.[11]

The Supreme Court did, however, address Mr. Williams's assertion "that binding arbitration was not his only available remedy," pointing to this Court's

---

[7]   *Williams III*, 2021 WL 3200825, at *1.

[8]   *Williams II*, Order of Dismissal ¶ 5.

[9]   *Williams III*, 2021 WL 3200825, at *2.

[10]   *Id.* (citing *Betts v. Townsends, Inc.*, 765 A.2d 531, 534 (Del. 2000)).

[11]   *Id.*

related decision in *Wang v. Hockessin Chase, L.P.*[12] Without reaching the merits of whether Mr. Williams might actually be accorded relief under *Wang*, the Supreme Court questioned "whether the Court of Common Pleas was aware of the *Wang* decision or whether the court's consideration of *Wang* would have changed its decision in Williams's case."[13]

Before admonishing then-defense counsel for not drawing the Court of Common Plea's attention to *Wang*,[14] the Supreme Court observed:

> In *Wang*, homeowners asserted similar construction-defect claims against Hockessin Chase as the claims that Williams has asserted against Hockessin Chase. The *Wang* defendants sought dismissal of the homeowners' claims, as they did of Williams's claims, on the grounds that the sales contract and warranty required the homeowners to submit the dispute to binding arbitration. The contract and warranty at issue in *Wang* appear to include very similar language regarding arbitration as the Williams contract and warranty. . . . [The *Wang* Court] denied the defendants' motion to dismiss. The court held that it was "unable to interpret the sales contract and warranty to mean that any action under the Warranty must be resolved by binding

---

[12] *Id.* (citing 2018 WL 6046620 (Del. Super. Ct. Nov. 9, 2018)).

[13] *Id.* (noting also *Hockessin Chase, L.P. v. Wang*, 2019 WL 1046643 (Del. Ch. Mar. 4, 2019) (dismissing Hockessin Chase's action to confirm an arbitral award, and "agree[ing] with th[is] Court's reasoning and conclusion" that binding arbitration was not the only remedy available to the Wangs under the contract and warranty)).

[14] *Id.* at *3 ("Although we affirm the Superior Court's judgment, we are troubled by the appellees' counsel's failure to bring *Wang* to the attention of the Court of Common Pleas in the 2019 case, and we take this opportunity to remind the bar of counsel's obligation to cite adverse authority."). Defendants are represented by different counsel in this matter.

arbitration or that, if another remedy is pursued, the buyer forfeits their rights under the Warranty" and that "other remedies are a plausible means of dispute resolution."[15]

The Supreme Court nevertheless concluded that the Court of Common Pleas judgment indeed precluded Mr. Williams's later suit in this Court because Mr. Williams failed to cite *Wang* in his original proceedings, pursue reargument, or appeal on that basis.[16]

## A. MR. WILLIAMS RETURNS TO THIS COURT.

On May 2, 2022, Mr. Williams filed a new complaint initiating this action against Defendants Toll Brothers Builders, Hockessin Chase, L.P., Michael Brown, Timothel J. Hoban, and Michael Klein.[17] He again seeks damages related to the alleged faulty construction of his home on Olmstead Drive.[18]

Mr. Williams offers a host of reasons in support of his request for damages—$5M from each defendant—but chief among them are: (i) Toll Brothers Builders'

---

[15]   *Id.* at *2.

[16]   *Id.* at *3.

[17]   *See generally*, Compl.  The Defendants aver that "Toll Brothers Builders" is not an existing legal entity; Michael Brown is a former employee of "Toll Brothers, Inc."; Michael Brown has not been served and should therefore be dismissed from suit; Timothel J. Hoban "apparently refers to Timothy J. Hoban"; and Michael Klein is now a former employee of Toll Brothers, Inc., and according to Defendants, appears to be sued in his individual capacity rather than official capacity as a Toll Brothers, Inc. employee. *See* Defs.' Mot. to Dismiss ¶ 1 nn.1-3, ¶ 7 n.13.

[18]   Compl. at 6.

alleged widespread fraud that duped him into buying the home; (ii) claims of faulty and defective craftmanship and failure to repair; (iii) the Defendants' supposed disparate treatment in handling his home repair complaints based on racial animus and the parties' litigious history; and (iv) his reluctancy to enter into arbitration because of his belief that the arbitration process is "fake," and tantamount to "a school kid grading his own papers."[19] He appears to add a new defect to his faulty construction claim list, alleging a "Statewide Inspection" further damaged his home in the summer of 2021 while attempting to make stucco repairs at Defendant Michael Klein's behest.[20]

Notably, though his request for relief isn't on based on *Wang*'s holding *per se*, Mr. Williams does briefly assert that the reason no other homeowners "went to the so called arbitration [was because] the Arbitrator always ruled against them."[21] He thus attributes *Wang* as a "victory for Delaware homeowners" who may now bypass the "fake" arbitration process imposed by the Defendants, and enforce builders to "stand by their product[s]" via the traditional judicial process."[22]

---

[19]  *See generally id.*

[20]  *Id.* at 2.

[21]  *Id.* at 5.

[22]  *Id.* at 4.

## B. THE DEFENDANTS MOVE TO DISMISS UNDER THIS COURT'S CIVIL RULE 12(B)(6).

Defendants have responded to Mr. Williams's complaint via this Court's Civil Rule 12(b)(6)—once again moving to dismiss the lawsuit.[23]

First, they argue that Mr. Williams's complaint is barred by *res judicata* because the facts alleged here stem from the same operative facts asserted in the earlier, already dismissed lawsuits.[24] They also posit that Mr. Williams's citation to *Wang* is misplaced because in *Wang*, the parties actually participated in arbitration proceedings.[25] Whereas here, Mr. Williams refuses to submit to arbitration, and neither are the Defendants compelling it.[26] This is so, the Defendants say, because the Supreme Court—in affirming this Court's prior dismissal of the earlier litigation—determined that "counsel's failure to cite *Wang* does not warrant reversal" and thus, any claim in this regard is barred by *res judicata*.[27]

Second, the Defendants contend that Mr. Williams's assertions don't meet the pleading standard required to survive a Rule 12(b)(6) motion to the extent he is

---

[23] D.I. 10.

[24] Defs.' Mot. to Dismiss ¶¶ 3-8.

[25] *Id.* ¶ 8.

[26] *Id.*

[27] *Id.*

asserting any new bases for relief, *e.g.*, that the Defendants and/or their agents treated him disparately.[28]  Relatedly, the Defendants also argue that if Mr. Williams is now faulting Statewide Inspection for damaging his home, this also fails as Statewide Inspection is a non-named third-party to this suit, and even so, Mr. Williams hasn't sufficiently pleaded a negligence claim.[29]

Finally, the Defendants aver that regardless of what Mr. Williams's claims are, they are barred by the statute of limitations.  Say Defendants:  "When bringing claims based on 'negligence related to the purchase of a home, the statute of limitations begins to run on the date of the settlement or closing.'"[30]  Based on Mr. Williams's allegations, he became aware of the alleged issues with his home no later than 2017; thus, according to the Defendants, the pending claims are now almost five years old and untimely.[31]

---

[28]  *Id.* ¶ 9.

[29]  *Id.* ¶ 10.  The Defendants also note the difficulty in discerning what, exactly, Mr. Williams's claimed causes of action are.  Regardless, Defendants argue that nothing alleged in the Complaint supports recovery on breach of contract, negligence, or discrimination claims.  *Id.* ¶ 11.

[30]  *Id.* ¶ 12 (quoting *Altenbaugh v. Benchmark Builders*, *Inc.*, 2021 WL 1215828, at *2 (Del. Supr. Mar. 26, 2021), *aff'd*, 271 A.3d 188 (Del. 2022); *see also Silverstein v. Fischer*, 2016 WL 3020858, at *4 (Del. Supr. May 18, 2016) (holding the statute of limitations for claims of breach of contract, negligence and fraud is three years)).

[31]  *Id.*

## II.     APPLICABLE LEGAL STANDARDS

### A. SUPER. CT. CIV. R. 12 (B)(6)

A party may move to dismiss under this Court's Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[32]  In resolving a 12(b)(6) motion, the Court (1) accepts as true all well-pleaded factual allegations in the complaint; (2) credits vague allegations if they give the opposing party notice of the claim; (3) draws all reasonable factual inferences in favor of the non-movant; and (4) denies dismissal if recovery on the claim is reasonably conceivable.[33]

The Court, however, need not "accept conclusory allegations unsupported by specific facts or . . . draw unreasonable inferences in favor of the non-moving party."[34]  Neither must the Court adopt "every strained interpretation of the allegations proposed by the plaintiff."[35]  Still, even with those cautions in mind, Delaware's pleading standard is "minimal."[36]  Dismissal is inappropriate unless "under no reasonable interpretation of the facts alleged could the complaint state a

---

[32]  Del. Super. Ct. Civ. R. 12(b)(6).

[33]  *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 535 (Del. 2011).

[34]  *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011), *overruled on other grounds by Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255, 1277 (Del. 2018).

[35]  *Malpiede v. Townson*, 780 A.2d 1075, 1083 (Del. 2001).

[36]  *Cent. Mortg.*, 27 A.3d at 536 (citing *Savor, Inc v. FMR Corp.*, 812 A.2d 894, 895 (Del. 2002)).

claim for which relief might be granted."[37] "Generally, matters outside the pleadings should not be considered in ruling on a motion to dismiss."[38] But the Court may consider documents or exhibits outside the pleadings when they are "integral to a . . . claim and incorporated into the complaint."[39]

### B. CLAIM PRECLUSION

A litigant is precluded from bringing a second action against a defendant using the same facts as the first claim of action:

> [I]f the pleadings framing the issues in the first action would have permitted the raising of the issue sought to be raised in the second action, *and if the facts were known, or could have been known to the plaintiff in the second action at the time of the first action.*[40]

Claim preclusion is a burden-shifting analysis requiring a defendant to first demonstrate that "the same transaction formed the basis for both the present and

---

[37] *Unbound Partners Ltd. P'ship v. Invoy Holdings Inc.*, 251 A.3d 1016, 1023 (Del. Super. Ct. 2021) (internal quotation marks omitted); *see Cent. Mortg.*, 27 A.3d at 537 n.13 ("Our governing 'conceivability' standard is more akin to 'possibility . . . .'").

[38] *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 68 (Del. 1995).

[39] *Windsor I, LLC v. CWCap. Asset Mgmt. LLC*, 238 A.3d 863, 873 (Del. 2020); *see also Malpiede*, 780 A.2d at 1083 ("[A] claim may be dismissed if allegations in the complaint or in the exhibits incorporated into the complaint effectively negated the claim as a matter of law.").

[40] *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 193 (Del. 2009) (emphasis in original); *Taylor v. Desmond*, 1990 WL 18366, at *2 (Del. Super. Ct. Jan. 25, 1990), *aff'd*, 1990 WL 168243 (Del. Aug. 31, 1990) ("In essence, the doctrine of *res judicata* serves to prevent a multiplicity of needless litigation of issues by limiting parties to one fair trial of an issue or cause of action which has been raised or should have been raised in a court of competent jurisdiction.").

former suits; and second, plaintiff neglected or failed to assert claims which in fairness should have been asserted in the first action."[41] Upon such a showing, and to avoid dismissal, the plaintiff must then demonstrate "that there was some impediment to the presentation of the entire claim for relief in the prior forum."[42]

Delaware Courts apply a transactional approach when assessing whether a claim is precluded, following a five-part test that considers whether: (1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided were the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; and (5) the decree in the prior action was a final decree.[43]

Claim preclusion requires a "pragmatic consideration, with the fact finder 'giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their

---

[41] *Wilson v. Brown*, 2012 WL 195393, at *4 (Del. Jan. 24, 2012) (citing *LaPoint*, 970 A.2d at 193-94)).

[42] *Id.* (quoting *Kossol v. Ashton Condo. Ass'n,* 1994 WL 10861, at *2 (Del. Jan 6, 1994)).

[43] *Dover Historical Soc'y, Inc. v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1092 (Del. 2006).

treatment as a unit conforms to the parties' expectations or business understanding or usage.'"[44]

### III.  DISCUSSION

#### A.  THE DOCTRINE OF CLAIM PRECLUSION AGAIN REQUIRES DISMISSAL OF MR. WILLIAMS'S COMPLAINT.

"When a defendant asserts an affirmative defense, like *res judicata*, as a basis for pleading stage dismissal, that motion to dismiss will be granted only if 'the plaintiff can prove no set of facts to avoid it . . . .'"[45]  Thus, the Court must first determine whether the parties have carried their respective burdens on the five *res judicata* elements.

#### 1.  *The Defendants have established that the same transaction formed the basis for both the present and former suit.*

The first prong of the *res judicata* test is satisfied here, as the original court disposing of the issue had proper jurisdiction.  In the earlier lawsuits dismissing Mr. Williams's complaints, both this Court and the Court of Common Pleas had proper subject matter and personal jurisdiction.  Legal rather than equitable remedies

---

[44]  *LaPoint*, 970 A.2d at 193 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)).

[45]  *Fortis Advisors LLC v. Shire US Holdings, Inc.*, 2020 WL 748660, at *2 (Del. Ch. Feb. 13, 2020) (quoting *Reid v. Spazio*, 970 A.2d 176, 183–84 (Del. 2009)).

were sought, and the parties either consented to or otherwise appeared in the respective proceedings, thus satisfying this prong of the test.

The second prong requires that the subsequent suit involve the same parties, or parties in privity, to the original action. Collectively, the named defendants in Mr. Williams's previous—and already dismissed—cases are: (i) Toll Brothers Builders; (ii) Michael Brown; (iii) Hockessin Chase, L.P.; and (iv) Timothy J. Hoban.[46] Here, Mr. Williams names a cumulation of the same Defendants as before, with the addition of Mr. Michael Klein. *Res judicata* doesn't require an exacting relationship.[47] "Parties are in privity for *res judicata* when their interests are identical or closely aligned such that they were actively and adequately represented in the first suit."[48] Thus, to the extent Mr. Klein was a prior employee or agent of

---

[46] *See* Compl., *Williams v. Toll Brothers Builders, et al.*, C.A. No. CPU4-17-005342 (Del. Ct. Com. Pl. Dec. 12, 2017) (naming Toll Brothers Builders and Michael Brown); Compl., *Williams v. Toll Brothers Builders, et al.*, C.A. No. CPU4-19-002007 (Del. Ct. Com. Pl. June 11, 2019) (naming Toll Brothers Builders, Michael Brown, and Hockessin Chase, LP); Compl., *Williams v. Toll Brothers Builders*, *et al.*, C.A. No. N20C-06-198 VLM (Del. Super. Ct. June 22, 2020) (naming Toll Brothers Builders, Hockessin Chase, LP, Michael Brown, and Timothy J. Hoban).

[47] *See Aveta Inc. v. Cavallieri*, 23 A.3d 157, 180 (Del. Ch. 2010) ("Privity is instead 'a legal determination for the trial court with regard to whether the relationship between the parties is sufficiently close to support preclusion.'") (quoting *Higgins v. Walls*, 901 A.2d 122, 138 (Del. Super. Ct. 2005)).

[48] *Aveta*, 23 A.3d at 180 (collecting cases); *see also Kohls v. Kenetech Corp.*, 791 A.2d 763, 769 (Del. Ch. 2000) ("[P]reclusion can properly be imposed when the claimant's *conduct* induces the opposing party reasonably to suppose that the litigation will firmly stabilize the latter's legal obligations.").

Toll Brothers, Inc., or any of its subsidiaries,[49] his interests are so "closely aligned" to those of Toll Brothers, Inc. "such that they were actively and adequately represented" in the earlier lawsuits.[50] The second prong is therefore met.

Turning to the third prong, in both suits before the Court of Common Pleas and the earlier litigation in this Court, Mr. Williams alleged that the Defendants were responsible for negligent construction that caused damage to his driveway, roof, stucco, and other internal and exterior defects in his home. Here, too, his sole request for relief is "damages for the full price" he paid for the home and "the [c]urrent value of the property . . . if they hadn't defrauded me and made all the repairs."[51] So the cause of action giving rise to Mr. Williams's earlier lawsuits—defective workmanship and failure to repair—is directly "related in time, space, origin, or

---

[49] As asserted by the Defendants in each litigation, Toll Brothers, Inc. is the proper entity name rather than "Toll Brothers Builders." But the Defendants' Motion is unclear whether Mr. Klein was a former employee of Toll Brothers, Inc. In back-to-back sentences, Defendants' claim: "[a]t all times Michael Klein was acting in his capacity as an employee of Toll Bros, Inc.[,]" but "Toll Brothers, Inc., a separate entity and not the employer of Mr. Klein, continues to be omitted as a named party." *See* Defs.' Mot. to Dismiss ¶ 7, n.13. Regardless, counsel for Defendants accepted service and entered their appearance on his behalf in this litigation. *See* D.I. 9.

[50] To the extent Mr. Williams also seeks damages from Statewide Inspection for causing separate and unrelated damage to his home, he must properly plead, file, and serve a suit against Statewide Inspection. For purposes of this suit, however, because Mr. Williams neither named or impleaded Statewide Inspection as a party, any supposed claims he has made against it will not considered.

[51] Compl. at 7.

motivation" to *this* cause of action seeking damages for the Defendants' alleged defective workmanship and failure to repair to his home.[52]

Fourth, the prior actions were decided adversely to Mr. Williams each time. The Court of Common Pleas determined that Mr. Williams must at the very least try to resolve his disputes with the Defendants through binding arbitration and dismissed his case without hearing the merits. Thus, when Mr. Williams refiled the same complaint in this Court, *res judicata* precluded him from "initiat[ing] a third proceeding [arising] out of the same operative facts."[53] The Supreme Court of Delaware affirmed the dismissal on the same basis.

As these decisions left nothing for the any of the courts to further determine or consider, each decision was a final decree, thereby satisfying the fifth and final prong of the *res judicata* test.[54] Accordingly, the Defendants have established that the same transaction formed the basis for both the present and former suits.

---

[52] *LaPoint*, 970 A.2d at 193 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)).

[53] *Williams II*, Order for Dismissal ¶ 5.

[54] *See Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 796 (Del. 1958) ("A final judgment is generally defined as one which determines the merits of the controversy or the rights of the parties and leaves nothing for future determination or consideration.")

> **2.** ***Mr. Williams failed to assert claims which in fairness should have been asserted in the first action.***

The Defendants have also carried their second burden here. In their motion, they argue that to the extent Mr. Williams now cites *Wang* as a basis for relief in this action in this Court, *res judicata* precludes direct application and consideration of *Wang* here.[55] They assert first that *Wang* is inapposite because the defendants there actually submitted to arbitration before turning to traditional litigation—unlike here, where neither the Defendants nor Mr. Williams seek to enter into such artbitral proceedings. Even so, the Defendants argue that the Delaware Supreme Court already addressed *Wang's* inapplicability here, holding that the parties' failure to cite or address *Wang* in the 2019 Court of Common Pleas litigation did not warrant reversal of this Court's decision dismissing Mr. Williams's new 2020 Superior Court complaint.[56]

Though Mr. Williams cannot be entirely faulted for failing to raise *Wang* himself during the pendency of his 2019 Court of Common Pleas case given his *pro se* status, he did learn of its potential importance to his case soon thereafter, and his

---

[55] Defs.' Mot. to Dismiss ¶ 8.

[56] *Id.*

failure to address it then (or ever) in the Court of Common Pleas, in part, has doomed his attempts to initiate new cases here.

Accordingly, Mr. Williams cannot survive the pending motion to dismiss unless he can establish that he was somehow impeded from presenting his entire claim—including *Wang*—in the Court of Common Pleas litigation. And this he cannot do.

### 3. *Mr. Williams has not established there was an impediment to the presentation of his entire claim in the Court of Common Pleas.*

Though he cites to it now, not even a strained or liberal reading of Mr. Williams's complaint suggests an impediment precluded him from raising *Wang* as a basis for relief in his initial Court of Common Pleas lawsuit. Tellingly, he also failed to heed the Delaware Supreme Court's directed guidance in preserving this claim:

> If Williams believed that the Court of Common Pleas overlooked *Wang*, he should have cited it or pursued reargument or an appeal on that basis. Indeed, even now, he might possibly seek relief from the Court of Common Pleas under that court's Civil Rule 60(b), but we express no opinion on whether relief would be warranted in the circumstances of this case." [57]

---

[57]  *Williams III*, 2021 WL 3200825, at *2.

Thus, Mr. Williams's instant Complaint merely praising *Wang* as a "victory for Delaware homeowners" is not enough to demonstrate that he was impeded from presenting his full claim in the first instance. Claim preclusion "exists to provide a definite end to litigation, prevent vexatious litigation, and promote judicial economy . . . extend[ing] to all issues which might have been raised and decided in the first suit."[58] So his failure to raise *Wang* in the earlier proceedings precludes him from litigating the merits of its effect now in *this* litigation.

## IV. CONCLUSION

Because *res judicata* precludes Mr. Williams from pursuing the charges in his most recent—but almost identical—complaint filed in this Court against those he deems responsible for the problems with his home, the Court must **GRANT** dismissal under its Rule 12(b)(6). The Court—as did the Delaware Supreme Court last year—notes though that "even now, he might possibly seek relief from the Court of Common Pleas under that court's Civil Rule 60(b)."[59] If Mr. Williams does,

---

[58] *Wilson v. Brown*, 2012 WL 195393, at *4 (Del. Jan. 24, 2012) (internal citations omitted).

[59] *Williams III*, 2021 WL 3200825, at *2.

however, this Court too can "express no opinion on whether relief would be

warranted in the circumstances of this case."[60]

     **IT IS SO ORDERED.**

_____

     Paul R. Wallace, Judge

---

[60]   *Id.*